## NIEL, TARLETON & CO. v. PERKINS AND TRUSTEE.

Trustee process.  Default of the trustee at the return term.  Avoidance of the trustee.

Sec. 11, ch. 230, General Statutes, is to be understood as referring to the return term.

The avoidance of the trustee, mentioned in section 14 of the same chapter, must be intentional, and for the purpose of preventing the deposition from being taken.  And this must be shown by all the evidence in the case, to the satisfaction of the court.

ASSUMPSIT, by Niel, Tarleton & Co., against Winslow T. Perkins, principal, and Joshua Varney, trustee, upon an account annexed. Action entered February term, 1872, at which time no appearance was entered by *request* of principal defendant; but, at the request of the trustee, their counsel entered an appearance for defendant and trustee. The deposition of the trustee was not taken *before* the return term, and no attempt was made by any one to take it.  At the term when said action was entered, said suit was continued with leave to take depositions of the trustee in sixty days after said term.  Before the expiration of said sixty days, the time of taking depositions was extended by Mr. Justice SMITH, at the request of the plaintiffs' counsel, and on his affidavit that the trustee's counsel was so engaged as not to be able to attend any caption within the sixty days after the term of entry.  On this affidavit and application, the time was extended to August 1, 1872; and on that day the trustee, being duly summoned, appeared, and, in answer to Interrogatory 1, said his senior counsel was away, and on this ground asked a continuance; and the plaintiffs consented, and the caption was continued to August 14, 1872.  August 14, 1872, the counsel for trustee requested that the trustee be allowed to answer in writing, and by counsel, and that the caption be continued to August 26, 1872.  And it was agreed that counsel should prepare and submit said answer to the plaintiffs' counsel before said August 26, and that the trustee should appear at that time to answer further questions of the plaintiffs' counsel.  In fact, no answer was ever made or furnished to the plaintiffs' counsel, or anybody else, and on August 26, neither the trustee nor his counsel appeared at the time and place of caption. The certificate of the justice, in reference to August 26, is, " and the counsel for the plaintiffs was present, and did there abide until after eleven o'clock in the forenoon of said last mentioned day, and neither the said Varney, nor any one in his behalf, or his counsel, appeared, and did not object."  Such was the fact.  The time to which the caption was adjourned was 9 o'clock A. M. of August 26, 1872.  There are other suits pending, in which said Varney is summoned as trustee of said Perkins, but all of them are subsequent to the suit at bar.  No explanation why the trustee did not appear on August 26 was given

to the plaintiffs on that day, nor was any offer made on the part of the said trustee to give said deposition, nor was it intimated that he desired to give such deposition, until the third week of the September term.

At the September term, 1872, the counsel. for the trustee moved to have the case continued, and a further time limited for taking the deposition of the trustee; and the court being satisfied, from the representations of the counsel for the trustee, that the failure of the trustee to appear and give his deposition was occasioned by accident, mistake, and misapprehension of his counsel, ruled and ordered against the plaintiffs' objection, that the time for taking said deposition might be extended sixty days, upon payment by the trustee of the plaintiffs' costs of this term, and a counsel fee of eight dollars, the trustee taxing no costs of this term.

To this ruling and order the plaintiffs excepted, at the same time waiving the right to recover terms as aforesaid.

The case was reserved.

*Wheeler & Bartlett*, for the defendant and trustee.

*Hobbs*, for the plaintiffs.

Let us consider each case in which a trustee will be charged under our statute. There are two general classes of cases. The first class is where "*before* the return day of the writ", notice has been given, either by the plaintiff to the trustee, or by the trustee to the plaintiff, for the taking of the trustee's deposition. In this class of cases, under sec. 9, p. 469, General Statutes, if the trustee, on due notice, fail to appear, he shall be adjudged chargeable, except that, under section 12, same page (to which express reference is made in section 9, before cited), said trustee may appear at the return term of the writ, and if he can satisfy the court that his "failure or refusal was for good cause," the court may "limit a time not exceeding sixty days after said return term for taking said deposition." Under these two sections, in order to be relieved, the trustee must do two things. 1. He must appear at the return term; 2. He must satisfy the court that "the failure or refusal was for good cause." (Where no notice has been received, all the trustee need do is to *appear* at the return term.)

Section 10, page 468, relates to a failure or refusal on the part of the plaintiff, and reference is also made in section 10 to the provisions in section 12, cited above, so that if the plaintiff, after having notified the trustee, shall "fail" to attend the caption, or if he shall "refuse" to so attend after having been notified by the trustee, he can appear at the return term of the writ, and, by satisfying the court that his failure or refusal, as the case may be, was for a good cause, the term of caption may be extended sixty days after said term.

If no notice has been given, he may appear at the return term, and the time *must* be extended on the plaintiff's mere motion. It is only when notice has been given that the party must show "good cause"

for " failure or refusal " to attend caption. Sections 9 and 10 are thus expressly made subject to the provisions of section 12.

The provisions of section 12 are clear and precise. The trustee must appear " at the return term " and show good cause, and then the court " shall limit a time not exceeding sixty days after said term." After what term ? Is it not the return term ? No other term has been mentioned. The law is clear, that the words " said term," in the last line of section 12, refer to the " return term of the writ " mentioned in the first line of section 12. This is not only common sense, but such is the construction required by the positive mandate of sec. 13, p. 40, General Statutes. The return term of the writ is not only the " last " term mentioned before the word " said," but it is the only term that has been mentioned in any of the preceding sections of that chapter,—that is, the power given to the court in section 12 is to give sixty days from the end of the return term; and, as the sixty days must be reckoned from the end of the return term, the power to grant the extension must be exercised at the return term, and at no other term ; that the court cannot, by virtue of section 12, extend the time of caption after the return term, unless all parties agree.

Under section 13, page 468, the time limited at the return term may be extended, on application, under oath, with good cause shown, provided it is done before the time limited at the return term has expired. It cannot be extended after the time so limited has gone by, as was attempted to be done in case at bar.

The case at bar is under section 14, page 468. Under section 14, " if at any time after such summons or notice," etc., the trustee avoids, etc., he shall be adjudged chargeable, or upon default. The words " at any time " are conclusive against the trustee. It means at any time before his deposition can " be taken," i. e., taken in full, and signed and sworn to. If he accepts his fees, and appears and asks a delay, and then does not appear at all, is that avoiding so that his deposition could not be taken ? or are the court prepared to hold that it would be avoiding so that his deposition could be taken ? It is in one or the other of these conditions that the case at bar presents the trustee. Section 14 does not leave it to the discretion of the court to say whether or not the trustee shall be charged, when he has avoided so that his deposition cannot be taken, nor does it give the court any right to inquire into the reasons that induced a trustee to avoid a caption. The question under section 14 is not, Why did the trustee stay away from the caption ? The court have nothing to do with that matter. The only question that presents itself to the court under section 14 is this : Did the trustee avoid the caption so that his deposition could not be taken ? The only proof required under section 14 is, that the trustee did avoid so that his deposition could not be taken by plaintiff, i. e., within the time limited. The case at bar finds this to have been the case with the trustee. Of what importance, then, is it, whether or not the trustee was induced to stay away from the caption, and thus avoid completing his deposition, by the blunder of his council or by his own volition ? If his

counsel told him he need not appear, it was in violation of an agreement that good faith and the statute imposed upon him the duty of performing.

Does the court hold, because of the acts of counsel for the trustee the trustee avoids the caption which has been postponed at the trustee's request, that, therefore, section 14 does not apply? Where in the statute do you obtain such power? Is there any reference in section 14 to any of the provisions in sections 12 and 13?

In the case at bar, the sixty days that had been given under section 12, together with the time that had been given under section 13 by Mr. Justice SMITH, had expired before the September term, 1872, when the obnoxious order was made. After the time given by Mr. Justice SMITH had expired, no one, as of right, could claim further extension of time; for this right is a child of the statute, and, by the express provision of section 13, the application must be made before the time limited at the "return term" has expired. That time had expired in the case at bar. It is not essential to the discussion of this case, to consider whether section 13 gives a right to more than one extension to each party. It suffices for the plaintiffs, that the time within which either party had the right to an extension had lapsed at the September term, 1872; that the trustee, for some reason, avoided the giving of his deposition after having been duly summoned, and that, in consequence thereof, his deposition could not be taken; and that it simply remains to apply the law as contained in section 14, and charge the trustee.

There is no provision that the court may extend the time under section 14, even though the trustee avoided by mistake, and not fraudulently. The legislature either understood that the court did not have any power to extend the time of caption, and therefore gave such power in certain cases, or else it understood that the court had such power generally, and therefore limited the power by confining its exercise to the cases,—1. When there has been no notice served before the return term; 2. When there has been a notice served, and a good cause is shown why the party did not attend the caption; 3. Where, before the sixty days limited after the return term has not expired, and the party, for good cause under oath stated, applies to the court or any justice;—that such is the effect of these exceptions is expressly held in *Commonwealth* v. *Smith*, 10 Allen 455, in a very able opinion by HOAR, J. The strictness of construction of these statute creations is also well delineated in *Stariin* v. *Genoa*, and in *Gould* v. *Stirling*, 23 N. Y., where the court held that a statute authorizing a town to hire money on its bonds to aid in building a railroad, and to take stock in such railroad, does not authorize the issuing of bonds to the railroad, and that such bonds are void. An act *ultra vires* is one thing, and an act *intra vires*, but improperly performed, is another thing. The former cannot be cured; the latter may be, by subsequent acts of parties privy.

SARGENT, C. J. The statute in relation to trustee process, chapter

230, General Statutes, provides, in section 7, that the plaintiff may notify and take the trustee's disclosure before the return term of the writ; and in section 8, that the trustee may notify and give his deposition before the same term. Section 9 provides, that if the trustee fails to attend on the notice of the plaintiff and give his deposition, he shall be adjudged chargeable, subject to the provisions of section 12; and section 10 provides, that if the plaintiff fails to attend upon the notice of the trustee, the trustee shall be discharged, subject to the provision of the same section.

Section 11 provides, that " if the trustee makes default, he shall be adjudged chargeable for the amount of the judgment, which may be recovered by the plaintiff against the defendant." Many have doubted whether this section referred to being defaulted at the return term, or some later term in court, or before the magistrate previous to the return term. But we cannot doubt that it refers to the return term, or some other term of the court, and not to the hearing before the magistrate. The latter is provided for in section 9, and that the former was intended, is plain from the report of the commissioners revising the statutes (see page 617). Section 11 and section 12 both have reference to the return term of the writ. Section 11 may be properly read, " if the trustee [at the return term] makes default," etc.; and section 12, " if the trustee appears at the return term," etc. Section 11 states what shall be done if the trustee makes default at the return term, and section 12, what shall be done if he appears at the same term.

But in this case the trustee appeared at the return term, and, under the provisions of section 12, the court ordered that the cause be continued, with leave to take trustee's deposition in sixty days after the term; and the case finds that before this time had expired, the plaintiffs procured an extension of the time under section 13. Under this section there must be an application, and good cause must be shown under oath,— that is, the good cause must be shown by legal evidence. And within the terms of this extension, the trustee was summoned and appeared, and the hearing was continued by agreement of parties until August 26, at which time it is agreed that the trustee did not appear, and the magistrate made his entry accordingly. And at the next term of the court, plaintiffs move to have the trustee charged upon the ground that he avoided giving his deposition, which raises a question under section 14, which provides that if after summons or notice " the trustee avoids so that his deposition cannot be taken by plaintiff, upon satisfactory proof thereof the trustee shall be adjudged chargeable as upon default." Section 15 provides that " no trustee shall be charged unless his deposition is taken as aforesaid and filed in the case, except as is otherwise provided in this chapter."

The trustee's deposition has not been taken and filed in this case, and therefore the trustee cannot be charged, unless it be under some special provision of the statute. Now, as we have seen, this trustee cannot be charged under section 9, 11, or 12. It is in fact only under section 14 that he is here sought to be charged. Did the trustee avoid

so that his deposition could not be taken, within the meaning of that section? He must not only be charged with thus avoiding, but there must be satisfactory proof of that fact. It is not to be assumed without such proof; and when a fact is to be a subject of proof, evidence on both sides is admissible. In this case, we think the circumstances stated in the case would have been sufficient *prima facie*, but, upon the evidence submitted upon the other side, the court was satisfied that the trustee did not avoid within the meaning of the statute.

The court held, of course, that there must be an intentional avoidance for the purpose of preventing his deposition from being taken, and that, we think, was the evident meaning of the statute. The statute does not prescribe the kind or amount of proof that should be satisfactory; that was a question for the judge who tried the cause, and his finding upon that fact is conclusive. There being no satisfactory proof that the trustee avoided, he could not be charged under section 14; and by section 15 he could not be charged at all. What must be done in the case? A new order must be made for taking his deposition, or he must be discharged. To discharge him under these circumstances would be doing great injustice to the plaintiffs, who have not been in any fault so far as appears; and they should not suffer on account of the accident, mistake, or misunderstanding of the trustee or his counsel, and the only way to prevent such injustice to the plaintiffs was to make the very order to which they here object. We cannot doubt that the court has the power, in the exercise of a sound discretion, to make the order that was made in this case.

*Exceptions overruled.*