DEMERITT v. ESTES & TRUSTEES.  { Mar. 20, 1876.

WOODMAN v. HERSEY & TRUSTEES.

*Trustee process—Deposition—Practice.*

The trustees appeared at the return term, and in the first action an order was made to take trustees' deposition in sixty days, and in the second no order was made. At the second term, the plaintiffs moved for an order, in each case, to take trustees' deposition in sixty days. The trustees moved to be discharged. *Held,* that the trustees must be discharged.

FROM STRAFFORD CIRCUIT COURT.

FOREIGN ATTACHMENT. Both suits—*James Y. Demeritt and Daniel S. Ward* v. *Estes & Trustees,* and *George W. Woodman* v. *Hersey and Morse & Trustees*—were duly served and entered at the circuit court, February term, 1875. In neither suit had any attempt been made to take or give the depositions of the trustees. At the return term the trustees in each case appeared. In the first one, the court ordered

" Deposition of trustees in sixty days. Principal default ; continued *nisi.*" In the second suit, " Continued," and no time was given or requested to take the depositions of the trustees. At September term, 1875, in each case the plaintiff moved for sixty days to take the depositions of the trustees, but offered no evidence to the court of any kind. The trustees in each suit asked to be discharged, and, in the first suit, claimed to have paid over funds to the defendant after the sixty days limited at the February term had expired. No application in vacation to extend the sixty days was made.

The court—RAND, J.—ruled in each case that the plaintiffs have sixty days to take the depositions of the trustees ; to which the trustees excepted, and the case was transferred to this court.

*Hall, Dodge,* and *Tebbetts,* for the plaintiffs.

*Hobbs* and *Chamberlain,* for the trustees.

CUSHING, C. J. By Gen. Stats., ch. 230, secs. 7, 8, it is provided that the plaintiff may take, or the trustee may give, the trustee's deposition before the return day of the writ. By section 12, if the trustee's disclosure is not so taken or given, the court, at the return term of the writ, may limit the time, not exceeding sixty days, for the trustee's disclosure ; and by section 13, provision is made for extending this time for good cause shown. By section 15, " No trustee shall be charged unless his deposition is taken as aforesaid, and filed in the case, except as is otherwise provided in this chapter."

It is not otherwise provided, as I have noticed, in any case excepting where the trustee is in default, which neither of the trustees is in this case, and as in section 45, which does not apply here.

It appears to me, therefore, that the depositions not having been taken according to the provisions in the statute, and the trustees not being in default, the statute is peremptory that neither of them can be charged.

It is undoubtedly true, that the trustee process under the former statute has been the occasion of great hardship to the trustees, and sometimes to others, but especially to the trustees who have been kept in court many terms, at an expense to themselves for which the taxable costs, when recovered, furnished no adequate compensation.

The modification of the law introduced into the General Statutes appears to be designed and well adapted to remedy these abuses.

As the trustees cannot be charged, they must be discharged with costs.

SMITH, J. By sec. 7, of ch. 230, Gen. Stats., the plaintiff may summon the trustee to give his deposition before the return term. By section 8, the trustee may, before the return term, serve a notice on the plaintiff that he will attend at a given time and place and give his deposition. By section 9, if the trustee fails to attend or

to give his deposition when summoned, he shall be adjudged chargeable, subject to the provisions of section 12. By section 10, if the plaintiff fails to attend and take his deposition upon notice, the trustee shall be discharged, subject to section 12. By section 11, if the trustee makes default, which means at the return term,—*Niel* v. *Perkins*, 53 N. H. 433,—he shall be adjudged chargeable for the amo of the judgment which the plaintiff may recover against the def By section 12, if the trustee appears at the return term, an deposition has not been taken, and in case the party, faili upon summons or notice to take or give said depositio the court that the failure or refusal was for good cause, the such terms as they may order, shall limit a time, not exceeding days after the term, for taking his deposition. By section 1 court, or any justice thereof, upon application and good cause s under oath, before the expiration of the time so limited, may exte time upon such terms as may be just. Section 14 provides wha be done where the trustee avoids, so that his deposition ca taken. See *Neil* v. *Perkins*, *supra.* And section 15 provides trustee shall not be charged unless his deposition is taken as al vided, and filed in the case, except as is otherwise provided chapter, which undoubtedly refers to the trial by jury of whether he is chargeable.

From this statement of the provisions of the statutes, it clear that a trustee cannot be charged unless the requirem statute are followed; and *that* the plaintiffs have failed to cases. No attempt was made by either party to take or gi tion before the return term. At the return term the peared. In the first suit an order was made that their d taken in sixty days. This was the extreme limit which power of the court to fix for taking the deposition. Th plaint prevented from taking it within that time, might, by application judge of the court within the sixty days, upon good cause showr oath, have procured an extension of the time. This they negle do, and having allowed the time to expire without making sucl cation, there is no provision of the statute that allows it to afterwards. The provisions of section 15 are peremptor, that tee shall be charged unless his deposition is taken as afores filed in the case.

The object of these stringent provisions of the statute was to eradicate a loose practice which had too generally grown up essarily delaying to take the disclosures of persons summoned tees, thereby encroaching unreasonably upon the funds in th to satisfy costs. The profession will probably accede to the s that ordinarily the question of the liability of an individual s as trustee can be determined at the first term as satisfacto readily as by longer delay. If in exceptional cases this can provision is made for an extension of the time, upon appl court or to some judge. Even in the case of an admi

moned as the trustee of one of the heirs to the estate, and where the question of whether he is chargeable may depend upon the final settlement of the estate, which is probably as extreme a case as can be put, section 13 would seem to furnish ample remedy, and, for any reason that now appears, the court or judge, to whom application for such extension may be made, might extend the time for taking the deposition administrator for a period sufficient to enable him to close up

nd suit, no application was made at the return term for he trustees' deposition, and I think there is no provision that will authorize the court to make an order for that

re does not seem to be any ambiguity in these provisions of the es, and, in the face of what appears to me to be their plain pro-, I am unable to explain away their obvious meaning. If this ction is proved to work hardship or injustice, the remedy must d with the legislature. The court can only determine, as well y, what the legislature by its enactments intended. I think tions should be sustained, and the trustees discharged.

concurred.

*Exceptions sustained.*