DAVIS v. FOGG & *Tr.*, CAMPBELL & HANSCOM, *Claimants.*

58b 159
68  414
68  513

A claimant of funds in the hands of a trustee, permitted by an interlocutory order of court to appear for the purpose of contesting the plaintiff's right to the funds, will not be allowed to defeat the plaintiff's prior right if his own title be shown to be invalid.

FOREIGN ATTACHMENT. Issue between the plaintiff and the claimants of funds in the hands of the trustee. The plaintiff's writ, dated Oct. 18, 1874, and served on the trustee Oct. 20, 1874, was entered in court at the April term, 1875, where it was continued from term to term, until the Oct. term, 1876. At the April term, 1875, leave was granted by the court to take the trustee's deposition in sixty days. Similar leave was granted at the Oct. term, 1875. At the April term, 1876, the deposition not having been taken, upon motion of the trustee's counsel the trustee was discharged, but subsequently, at the same term, this order was rescinded, upon the plaintiff's motion and with the trustee's consent, and further leave was given to take the trustee's deposition; and the claimants were then admitted to claim the funds in the trustee's hands. In support of their claim, they rely upon the following facts: Subsequent to the commencement of this

suit, they brought a suit against the same defendant and the same trustee, which was entered in court in Hillsborough county, at the May term, 1875, where it was continued from term to term until the June term, 1876. The trustee appeared by counsel. At the May term, 1875, leave was granted to take the trustee's deposition in sixty days, and that order was extended from term to term, until the June term, 1876, when the deposition was taken, and the trustee was charged, subject to the judgment in the Merrimack county suit.

Upon these facts the court found the trustee chargeable, and that the claimants were not entitled to recover, and ordered a judgment against them for costs,—to which rulings and orders they excepted.

*C. R. Morrison* and *A. C. Osgood*, for the claimants.

Aside from the statute, Davis has no superior equity to Campbell & Hanscom. Upon general principles, the debt of each being equally sacred, the funds, if insufficient to pay both, should be shared *pro rata*. But here the statute comes in and says, that the creditor who first attaches the funds, provided he prosecutes his suit to its termination in the manner prescribed by law, shall take the whole fund, to the exclusion of all others, if required for the payment of his debt. His right to this priority is wholly dependent upon his prosecuting his claim to final judgment in the manner prescribed. If he fails to do this, he loses his priority necessarily, and lets in the next attaching creditor. There is no peculiar hardship in this. In one view, it is a hardship that the one first attaching should take the whole ; and if he fails to proceed according to law, there is no equity in departing from the law to pay him in full, when a subsequent creditor, by reason of it, loses his whole debt.

If Davis has conformed to the statute, he is first in right. If he has not conformed to the statute in an essential matter, he is not first in right, and this is all there is to it. There is no technicality about it. In one sense, it is a mere technicality that should give him the whole fund merely because his writ happened to be served, it may be, five minutes first. But the true view is, that it is all of statute, and the provision that he shall prosecute his claim in the manner prescribed, is just as substantial as the provision that gives him priority in case his writ is first served and duly prosecuted to final judgment. Now, it was expressly decided in *Demeritt* v. *Estes & Trs.*, 56 N. H. 313, that if the plaintiff fails to take the deposition of the trustee within the time prescribed, and obtains no extension within that time, the trustee cannot be charged.

In this case, Davis failed to do either, and the trustee was thereupon discharged, and the trustee after that could by no possibility give Davis any new or further right, to the prejudice of the subsequent attaching creditor. The trustee had no right to decide which of the two attaching creditors he should pay, to the prejudice of the other.

The second order of the court was wrong, and cannot be sustained.

At the second term of court, in each cause, both parties stood upon the same footing, and after that Campbell & Hanscom proceeded as required by statute, but Davis did not.

*Rolfe*, for the plaintiff.

FOSTER, J. By the provisions of Gen. St., *c.* 230, *s.* 13, and upon the authority of *Demeritt* v. *Estes*, 56 N. H. 313, the trustee was entitled to be discharged from the plaintiff's suit at the April term, 1876, in this county, and such an order was made; but subsequently, at the same term, the trustee consenting, the order was rescinded, and, submitting to the plaintiff's claim upon the funds in his hands, he has been charged as trustee in this plaintiff's action.

The contest here is between this plaintiff and the claimants, who are plaintiffs in the Hillsborough county suit. Neither the defendant nor the trustee makes any defence. Whatever rights either of them acquired by reason of the failure of the plaintiff here, and of the other plaintiffs in Hillsborough county, to comply with the law as interpreted in *Demeritt* v. *Estes*, they have voluntarily abandoned. Such abandonment they might make. Our doctrine of waiver is as broad as the rule of the civil law, that any one may renounce or waive that which has been established in his favor. Bouv. Dic., Waiver; *Hanover* v. *Weare*, 2 N. H. 131; *Page* v. *Pendergast, ib.* 235; *Lisbon* v. *Bath*, 23 N. H. 9; *Brown* v. *Dudley*, 33 N. H. 511; *Plummer* v. *Meserve*, 54 N. H. 166; *Perkins* v. *Scott*, 57 N. H. 55.

In the Hillsborough suit, the trustee's deposition was neither taken nor given in accordance with the requirement of the statute; but this plaintiff was no party to the proceedings in that court, and he has waived none of his previously established rights. As against him, the trustee's deposition was taken, and the trustee was charged under the extension of an order which the court in Hillsborough county had no power to grant. As against him, therefore, the Hillsborough county judgment has no force. No person is concluded by a judgment to which he was not actually, or in contemplation of law, a party. *Vogt* v. *Ticknor*, 48 N. H. 242, 245; *Esty* v. *Long*, 41 N. H. 103, 105.

The claimants' judgment gives them no superiority of right or position over the plaintiff, because the plaintiff was not a party to it nor bound by it, and because it was rendered, in terms, subject to the plaintiff's rights. The contention between the plaintiff and the claimants is waged precisely as if the claimants' suit were still pending without a judgment. The fact that they have a judgment gives them no advantage over the plaintiff; and the fact that their judgment is subordinate to the plaintiff's rights gives the plaintiff no advantage over them. Their judgment was made subject to the plaintiff's rights, not for the purpose of establishing his superiority, but merely to prevent the claimants from assuming the position that it established their superiority. The object and effect of such a judgment were, to leave the claimants and the plaintiff, as to their conflicting claims, just here they were before any judgment was rendered. And before the

rendition of judgment, as between these parties (neither the common debtor nor the trustee having availed himself of the defects in both suits), the plaintiff had precedence and superiority of position, because, and only because, his attachment was prior to that of the claimants. Whoever else might have resisted and defeated the plaintiff's right by attachment and judgment, the claimants are not entitled to resist or defeat it.

In *Blaisdell* v. *Ladd*, 14 N. H. 129, a subsequent attaching creditor, in whose right and proceedings no defect was shown, was allowed to appear, and defeat a plaintiff's prior attachment by showing a defect in it. But we are not aware of any authority for holding that he would have been allowed to do it if the plaintiffs had shown such a defect in his proceedings as he complained of in theirs.

The appearance of claimants or subsequent attaching creditors, not original parties to the suit, to contest the plaintiff's right, is an equitable proceeding. There is nothing in the granting of such a privilege that gives the third party (whether called claimant, or subsequent attaching creditor, is immaterial) a technical advantage over the plaintiff whose suit he is permitted to resist. His right to resist it is not conclusively established by the interlocutory order permitting him to appear and defend. That permission does not shield him from the attack of the adversary whom he has sought, nor enable him to assail that adversary without defending his own position. The court may, properly, in the first instance, require some proof of his having a *prima facie* case, entitling him to engage the plaintiff in a contest. But when admitted, the court will require that the contest be waged on equal ground, where each adversary has an equal right to drive the other from his position. The third party's right must remain open to question, as the plaintiff's is, so that when the plaintiff shows that the third party has no right to resist him, he must retire from the field, which he is allowed to enter only for the purpose of showing that the right which he maintains is the right of the case. There is no technicality by which the claimants can set up a judgment founded on a defect of which the trustee did not avail himself, to prevent the plaintiff having a judgment founded on a similar defect, when their own judgment was rendered subject to the one which they seek by their judgment to defeat. See *Reynolds* v. *Damrell*, 19 N. H. 394, 397.

In the present case, then, the plaintiff shows that the claimants are not entitled to resist him (not entitled to appear for the defendant or the trustee, for the purpose of defeating the plaintiff), because the claimants' rights are, in every legal and equitable sense, inferior to the plaintiff's. However the case may stand between the original parties to the action, the claimants have no standing in court. No exception was taken by the defendant or the trustee, and the judgment must stand, because the claimants, the only persons excepting, have no right to except to it. Having encountered defeat, they are liable to costs.

*Exceptions overruled.*

STANLEY, J., did not sit.