SANDERSON v. PEABODY.

Every judgment is conclusive proof, as against parties and privies, of facts directly in issue in the case, actually decided by the court, and appearing from the judgment itself to be the ground on which it was based, unless evidence was admitted in the action in which the judgment was delivered, which is excluded in the action in which that judgment is offered in evidence.

By " the matter in issue" is to be understood that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings.

When the precise matter in issue in a former trial is not apparent from the declaration and pleadings, extraneous evidence may be produced to show upon what grounds the verdict and judgment proceeded. The applicability of the plea of former judgment depends, therefore, upon the identity, not of the form, but of the cause of action or matter of defence in issue.

ASSUMPSIT, to recover $12,348.42, alleged to be the unpaid balance of an original debt for double that amount, contracted in April, 1864. The defendant claimed that the whole original debt had been discharged by a fifty per cent. composition between the defendant's firm and its creditors, paid and received in full satisfaction. The plaintiff

denied that his firm was a party to such composition, and contended that the fifty per cent. which his firm received was not paid nor received in satisfaction of the original debt.

The defendant pleaded a New York judgment, rendered in his favor in 1875, in a suit brought by the plaintiff against him upon the same cause of action. The defendant replied, no such record. The complaint in the New York suit alleged a promise to pay said balance if the defendant should ever be able to pay it, his ability, and a demand and refusal. The answer traversed the alleged promise, interposed the statute of limitations, and averred an absolute discharge of the whole debt by a settlement between the plaintiff and the defendant upon a general fifty per cent. composition. Upon this pleading, there was a trial by jury, a verdict for the defendent, and judgment thereon. The record of the New York suit disclosed, among other things, that during the trial the plaintiff's counsel stated that he claimed to recover on the original debt, if it was not barred by the statute.

Subject to exception, the plaintiff was allowed in this case to show, by parol evidence, that the verdict was ordered and the judgment rendered on the authority of *Didier* v. *Davison*, 2 Sandf. Ch. 61, 64, on the ground of the promise declared on being without consideration, and the only right of action being on the original debt; and that, by the law of New York, every material allegation of the complaint (such as the allegation of ability to pay), not denied in the answer, is admitted. The plaintiff claimed, that the New York suit was on the conditional subsequent promise; that this suit is on the original debt contracted in April, 1864; and that the causes of action in the two suits are not the same, and the judgment in the former is no bar in the latter. The question, whether the judgment is a bar, was reserved.

*Birdseye* (of New York) and *F. W. Hackett*, for the plaintiff.

*S. C. Eastman* and *A. R. Hatch*, for the defendant.

FOSTER, J. Every judgment is conclusive proof, as against parties and privies, of facts directly in issue in the case, actually decided by the court, and appearing from the judgment itself to be the ground on which it was based, unless evidence was admitted in the action in which the judgment was delivered, which is excluded in the action in which the judgment is offered in evidence. Step. Dig. of Evid., *art.* 41; 1 Greenl. Ev., *ss.* 528–531; *King* v. *Chase*, 15 N. H. 9; *Demeritt* v. *Lyford*, 27 N. H. 547.

When a former judgment is thus pleaded or adduced in evidence, it is competent for the plaintiff to reply, that it did not relate to the same thing or the same transaction in controversy in the action to which the former judgment is set up as a bar; and the question of identity thus raised may be determined by extrinsic evidence.

The judgment is conclusive only upon a matter which was directly in issue in the former trial. By " the matter in issue" is to be un-

derstood that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings. It may, or it may not, be specifically disclosed by the declaration and pleadings. If it is not, extrinsic evidence may be adduced to show what was the matter really in issue, and upon what ground the verdict and judgment proceeded. *King* v. *Chase*, 15 N. H. 9, 15, 16; 1 Greenl. Ev., s. 532.

The applicability of the plea of a former judgment depends, therefore, upon the identity, not of the form, but of the cause of action, or matter of defence in issue. It is established by proof, that a fact essential to the plaintiff's right of recovery was the same in the first as in the second cause. It depends not at all upon the identity or similarity of the points of argument, or grounds urged to support the action or the defence. All matters involved in the issue determined by the court upon the merits are as fully concluded by the judgment as other matters which may have been considered or discussed (*Johnson* v. *Smith*, 8 Johns. 383; *Miller* v. *Manice*, 6 Hill 122; *Baker* v. *Rand*, 13 Barb. 152; *Birckhead* v. *Brown*, 5 Sandf. 145; *Kitchen* v. *Campbell*, 3 Wils. 308; *Rogers* v. *Higgins*, 57 Ill. 244; *Phelan* v. *Gardner*, 43 Cal. 306; *Russell* v. *Place*, 94 U. S. 606); but a party setting up a former judgment must show that the verdict and judgment directly involved the consideration and determination of the points attempted to be litigated in the second suit. *McKnight* v. *Dunlap*, 4 Barb. 36; *Bascom* v. *Manning*, 52 N. H. 132, 134.

The New York suit being founded upon a new promise to pay the balance of the original debt when the debtor should become able to do so, the first two answers to the complaint,—namely, a traverse of the alleged promise, and the statute of limitations,—presented issues upon which nothing could have been determined which is brought in controversy by the present suit, the question here being whether the original debt has been discharged. The third issue presented by the pleadings in the New York suit raised the question now presented. In the New York suit this issue could have had no pertinency if the only matter in controversy had related to a subsequent promise to pay a balance of an old debt, and the application of the statute of limitations to that promise. We are therefore led to inquire what other controversy, if any, was in reality presented and determined.

It was competent for the plaintiff to show, by parol evidence, that the verdict was ordered and the judgment rendered on the authority of *Didier* v. *Davison*, 2 Sandf. Ch. 61, 64, on the ground of the promise declared on being without consideration; and so the plaintiff had no cause of action, except such as might be founded on the original debt. But it is equally competent for the defendant to show, that on the trial in New York, the court having ruled that the new promise could not be sustained for the want of consideration, the plaintiff then went on to prove his case as founded upon the original debt, and encountered defeat and a judgment against him upon issues thus raised, determining the very facts in controversy here. The record of

the New York case shows that the cause was tried upon the application of the statute of limitations to the original debt, and the result was, a verdict settling the fact that the original debt was barred by the statute, thus determining the precise controversy attempted to be revived in this suit. The course of the trial in New York, by which issues were tried and determined which were not presented by the original complaint and pleadings, was governed by certain provisions of the Code of Procedure (*tit.* 6, *c.* VI, *ss.* 169, 170, 173, and *tit.* 8, *c.* VI, *s.* 275), and 5 N. Y. St. at Large 48, 49, 78, by force of which the plaintiff, having encountered defeat in his effort to prove a new promise, was permitted to assert a claim founded upon the original debt, the pleadings being regarded as amended for that purpose. In New York, pleadings may thus be treated as if amended to conform to the facts proved, though no amendment has in fact been made. *Bate* v. *Graham,* 11 N. Y. 237; *Clark* v. *Dales,* 20 Barb. 42; *Bowdoin* v. *Coleman,* 3 Abb. Pr. 431.

It clearly appearing that the precise question now in issue was tried and determined in the New York suit,—the issue, namely, whether the original debt had become barred by the statute of limitations,—

> *The defendant is entitled to judgment.*

DOE, C. J., did not sit.