## STURTEVANT *v.* THE ARMSBY CO. *& a.*

An assignment under the insolvency law of another state will not prevail against a subsequent attachment, by a citizen of this state, of the insolvent's property found here, and will be equally invalid against the claims of subsequent attaching creditors who are citizens of other states.

BILL IN EQUITY, for an injunction against the prosecution of a suit at law. Facts agreed. December 31, 1890, Hanson, a citizen of Massachusetts, filed his voluntary petition in the court of insolvency for Middlesex county. On the same day a warrant was issued by the court against the estate of Hanson. January 22, 1891, the plaintiff, a citizen of Massachusetts, was appointed assignee, and all the debtor's assets not exempt from attachment were assigned to him by the judge of the insolvency court. The defendants, a corporation organized under the laws of Illinois, afterwards brought a suit in this county against Hanson for the recovery of a demand provable in insolvency, and attached certain chattels and real estate as the property of Hanson; and the action is now pending.

*M. R. Thomas* (of Massachusetts), for the plaintiff. The rights of no citizen of the state of New Hampshire are involved in this case. It has been held in this court "if a citizen of another state, having a claim against a citizen of the same state, attaches the debtor's real estate in this state to secure his claim, and insolvency proceedings are commenced against the debtor in the state of his domicile, comity may require such disposition of the action in this state as will enable the defendant's assignee to apply the property attached to the payment of all the creditors of the defendant under the insolvency laws of his own state, the rights of our citizens not being involved, and provided

the assignee takes the necessary steps for that purpose." *Eddy* v. *Winchester*, 60 N. H. 63.

The only question is, whether this rule applies where the attaching creditor is a citizen of a different state from that of the debtor and of his assignee in insolvency. This should make no difference, since the Massachusetts insolvent law makes no distinction in the distribution of assets between domestic and foreign creditors. In *Cole* v. *Cunningham*, 133 U. S. 107, 127, Chief Justice *Fuller* says,—"It may be remarked, however, that while as between citizens of the state of the forum, and the assignee appointed under the laws of another state, the claim of the former will be held superior to that of the latter by the courts of the former, yet this has not been so ruled in many of the states, as between an assignee appointed in another state and citizens of other states than that of his appointment, and of the forum."

*F. Weeks*, for the defendants.

CARPENTER, J. The insolvency proceedings afford no objection to the maintenance of the defendant's action against Hanson; nor, it seems, would they against such a suit in Massachusetts. *Morse* v. *Reed*, 13 Met. 62; *Barker* v. *Haskell*, 9 Cush. 218. In these cases the objection was made by the debtor. The plaintiff, as assignee, has no interest to prevent the defendants from prosecuting their suit to judgment. His interest, if any, lies in the opposite direction. If the defendants obtain judgment, they can prove neither it, nor their original demand against Hanson's estate. *Sampson* v. *Clark*, 2 Cush. 173; *Woodbury* v. *Perkins*, 5 Cush. 86; *Bangs* v. *Watson*, 9 Gray 211; *Hollister* v. *Abbott*, 31 N. H. 442. On either ground the bill might properly be dismissed. But the bill may be amended. It is not the prosecution of the suit, but a levy on the attached property, that the plaintiff desires to prevent. He claims a right in the property superior to the defendant's lien. He can properly ask for nothing but due protection of that right. If the defendants cannot obtain judgment, they cannot levy. But to prevent a levy, it is not necessary to enjoin them against pursuing their action to judgment. They are not to be enjoined any further than is necessary for the protection of the plaintiff. The case is considered as if the bill were so amended as to ask for an injunction against a levy on the property attached.

An assignment under the insolvent law of another state is not permitted to prevail against a subsequent attachment by a citizen of this state of the insolvent's property found here. *Saunders* v. *Williams*, 5 N. H. 213; *Dalton* v. *Currier*, 40 N. H. 237; *Dunlap* v. *Rogers*, 47 N. H. 281; *Perley* v. *Mason*, 64 N. H. 6; *Carbee* v. *Mason*, 64 N. H. 10. But as against subsequent attaching creditors who are citizens of a foreign country the assignment prevails.

*Sanderson* v. *Bradford,* 10 N. H. 260.  The defendants are not foreigners.  They are citizens of Illinois, and as such, when in this jurisdiction, are entitled, under the 14th amendment of the federal constitution, to the equal protection of our laws.  *Pembina Mining Co.* v. *Pennsylvania,* 125 U. S. 181; *Minneapolis, &c., Railway* v. *Beckwith,* 129 U. S. 26.  They are now in this jurisdiction.  They are here lawfully in court as suitors, and in that character entitled to all the rights the law gives to our own citizens.  The amendment "means that no person, or class of persons, shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances." *Missouri* v. *Lewis,* 101 U. S. 22, 31.  "It opens the courts of the country to every one on the same terms for the security of his person and property, the prevention and redress of wrongs, and the enforcement of contracts; it assures to every one the same rules of evidence and modes of procedure; it allows no impediments to the acquisition of property and the pursuit of happiness to which all are not subjected; it suffers no other or greater burdens or charges to be laid upon one than such as are equally borne by others; and in the administration of criminal justice it permits no different or greater punishment to be imposed upon one than such as is prescribed to all for like offences.  It secures to all persons their civil rights upon the same terms." *Field,* J., in *Ex parte Virginia,* 100 U. S. 367, and in *Barbier* v. *Connolly,* 113 U. S. 31. The same view of the operation and effect of the amendment is expressed by the court in *Soon Hing* v. *Crowley,* 113 U. S. 703, 709, *Yick Wo* v. *Hopkins,* 118 U. S. 356, 367, *Hayes* v. *Missouri,* 120 U. S. 68, 71, 72, *Minneapolis, &c., Railway* v. *Beckwith,* 129 U. S. 26, 28–31, *Bell's Gap Railroad* v. *Pennsylvania,* 134 U. S. 232, 237, 238, and *Chicago, &c., Railway* v. *Minnesota,* 134, U. S. 418, 458.  To deny the defendants the right, given by law to our own citizens in a like case, to pursue their suit to judgment, and to apply in satisfaction of the judgment the property attached, would be depriving them of the equal protection of the laws.  The plaintiff's bill must be dismissed.  The same conclusion upon a like state of facts was reached in *Paine* v. *Lester,* 44 Conn. 196, and in *Hibernia National Bank* v. *Lacombe,* 84 N. Y. 367.  In the latter case the attaching creditor and the insolvent debtor were citizens of Louisiana.  It is not certain that the same result would not be reached if the defendants in this case were citizens of Massachusetts.  *Cunningham* v. *Butler,* 142 Mass. 47; *Cole* v. *Cunningham,* 133 U. S. 107; *Hibernia National Bank* v. *Lacombe,* 84 N. Y. 367, 386; *Kidder* v. *Tufts,* 48 N. H. 121; *Eddy* v. *Winchester,* 60 N. H. 63.

*Bill dismissed.*

Smith, J., did not sit; the others concurred.