Merrimack, }
June, 1896. }

STILLINGS v. HALEY & Tr., KING, Assignee, Claimant.

An allowance of the claim of a non-resident against an insolvent estate, and a decree of the probate court ordering the payment of a dividend thereon to the claimant's assignee appointed under the insolvency law of another state, do not constitute a judgment binding and conclusive upon an attaching creditor of the claimant resident in this state, who has not proved his claim in the foreign proceeding.

FOREIGN ATTACHMENT. Issue between the plaintiff and the claimant. Facts agreed. The writ was served on the trustee, September 14, 1894.

January 27, 1894, the Haley Manufacturing Company made a voluntary assignment. February 1, 1894, the company was decreed insolvent by the probate court for this county, upon a petition of creditors filed January 19, 1894, and February 24, 1894, George A. Foster, trustee in this action, was appointed assignee. At the time of the assignment, John J. Haley resided in Newton, Mass., but he had been in Concord a large portion of the time for several years in the performance of his duties as treasurer of the company, and while in Concord contracted the indebtedness to the plaintiff. He had a claim against the company for $88,821.46.

February 13, 1894, Haley made a common-law assignment to Theophilus King of Quincy, Mass., covering all his property of every kind. This was assented to by one of Haley's creditors, so as to make it immediately operative; and under it King at once took possession of all the property of Haley. Some of the creditors in Massachusetts did not assent to this assignment; and on February 20, 1894, Haley made an assignment in insolvency in the probate court for the county of Middlesex, commonwealth of Massachusetts, and March 8, 1894, King was appointed assignee. Under this proceeding, claims to the amount of over $59,000 have been proved against Haley's estate.

Among the assets which Haley filed in his inventory with the probate court in Massachusetts was his claim against the company. This claim was filed against the company in the insolvency proceeding in this county, by King in his capacity as assignee, and after a hearing was allowed, as follows: "J. J. Haley (T. King, assignee), $88,421.46." A petition of other creditors of the company for leave to appeal from this allowance is now pending.

November 2, 1895, the probate court for this county decreed a dividend of twenty per cent payable to the creditors of the com-

pany, and the sum of $17,764.29 was ordered to be paid to " John J. Haley (Theophilus King of Boston, assignee in Mass.).''

The plaintiff is a resident of Concord, and did not prove his claim under the proceedings in Massachusetts.

*John M. Mitchell* and *Joseph S. Matthews*, for the plaintiff.

*Sargent & Hollis*, for the claimant.

PARSONS, J. As we understand the statement of facts to which the parties have agreed, the assignee of John J. Haley does not now hold the property of his insolvent by virtue of the common-law assignment, but holds it by force of his appointment under the Massachusetts insolvency law ; and it is for the purpose of distribution in accordance with that law that he now asserts title to the funds attached by the plaintiff in this suit. It is, therefore, unnecessary to determine what his right might be if he sought to hold the property for distribution under the common-law assignment. *Saunders* v. *Williams*, 5 N. H. 213. That the property of an insolvent resident in another state, found and attached in this state by a citizen of this state, cannot be held by an assignee in insolvency appointed in such other state before the attachment (*Sturtevant* v. *Armsby Co.*, 66 N. H. 557), the assignee does not deny ; but claims that the allowance of Haley's claim against the trustee, who is assignee in insolvency of the Haley Manufacturing Company, to " J. J. Haley (T. King, Assignee)," and the decree of distribution made by the probate court to " John J. Haley (Theophilus King, of Boston, Assignee, in Mass.)," is a reduction to possession by the foreign assignee, and a judgment binding and conclusive upon the plaintiff in this suit that the property belongs " not to Haley but to the Massachusetts assignee." Neither of these claims can be sustained. The first is manifestly unfounded in fact. The subject in controversy here is the fund in the hands of the trustee, a resident of this state, whose title and possession is based upon the insolvent law of New Hampshire and the decree of the probate court of Merrimack county. If the foreign assignee had obtained actual possession of the property, a different question might be presented; but in the present case both parties contend that the property is in the hands of the assignee of the Haley Manufacturing Company, and the controversy is, who shall receive it from his possession. The allowance of the claim of Haley by the probate court was not a judgment establishing the assignee's title against all the world. "A judgment is conclusive only upon the matter which was directly in issue upon the former trial." *Morgan* v. *Burr*, 58 N. H. 470, 471; *Sanderson* v. *Peabody*, 58 N. H. 116. The question before the probate court was how much, if anything, was

due John J. Haley from the Haley Manufacturing Company. P. S., c. 201, ss. 13–21. So far as appears, that was the only question tried or that could be tried, or that was necessarily involved in the judgment. That amount was not necessarily more or less, and could not be of necessity more or less, whether King, who claimed to have an assignment from Haley of the whole of the claim, claimed under a valid or an invalid assignment. The validity of the assignment to King as against Haley or any one else, and his equitable right, if any, to control the enforcement of the judgment, or to receive the amount of the dividend when awarded, did not constitute any defence to the Haley Manufacturing Company, or to any one defending in the name of the assignee against Haley's claim, and did not concern the probate court (State v. Railroad, 58 N. H. 510), and was not tried. If by any possibility the validity of the assignee's title as against a subsequent attachment could have been and was heard and tried, and determined by the judgment, it was the duty of the assignee setting up the judgment to establish the fact. Sanderson v. Peabody, 58 N. H. 116. Moreover, the plaintiff in this suit was not a party to the judgment in the probate court and is not bound by it. Davis v. Fogg, 58 N. H. 159, 161. Even if he could have been made a party, he could not have defeated the allowance of Haley's claim by alleging the invalidity of the assignment; and if he could have done so, he would at the same time have defeated his own claim under the trustee process. He was not a party interested to object to the allowance of the claim. P. S., c. 201, ss. 15, 17, 18. Assuming that the assignment was valid as against Haley, the probate court had no jurisdiction to apportion the dividend between King, assignee, and the plaintiff as attaching creditor. The plaintiff's right under his attachment can only be determined in a suit at law, and is now for the first time litigated. The entry of the name "T. King, assignee," served only to give notice of his claim, leaving the validity of it to be determined when the question arose.

We are not aware that any different rule would apply to a similar entry in a suit in this court. Nothing appearing to except the case from the rule in Sturtevant v. Armsby Co., supra, it follows that the trustee is chargeable.

*Case discharged.*

All concurred.