LEVY & a. v. WOODCOCK & a.

A third person is not admitted to defend in an action of replevin when the only right he shows to the goods rests upon his own fraud.

REPLEVIN, for ten cases of merchandise. The plaintiffs are assignees of Clarence B. Frost, under the insolvent laws of Massachusetts. The defendants were defaulted, and William A. Stone, being admitted by the court to defend, pleaded that the goods were not the property of the plaintiffs, but were his goods.

The plaintiffs' evidence tended to show that Stone and Frost obtained the goods by means of a fraudulent conspiracy, the plan of which was, that Frost should pretend to buy from Stone a large stock of old and shop-worn goods which Stone had in a store at Clinton, Mass., and go to carrying on business there in his own name; that he should buy new goods in his own name, and pay promptly for them until he established a credit sufficient for the purpose had in view; that then he should buy largely on credit in his own name, and then Stone should secretly remove the goods from the store for his own use without paying for them, and then Frost should fail and go into insolvency. All this business was to be entirely the business of Stone, though done in the name of Frost, and for his services and conduct in the matter Frost was to be paid by Stone $12 a week, and nothing more.

At the close of the plaintiffs' case, the defendants moved for a nonsuit on the ground that there was no evidence of property in the goods in the plaintiffs. The motion was denied, and the defendants excepted, and afterwards consented to a verdict for the plaintiffs.

*Lane & Dole, Batchelder & Faulkner*, and *Henry W. King* (of Massachusetts), for the plaintiffs.

*Hersey & Abbott* and *F. A. Gaskill* (of Massachusetts), for the defendants.

SMITH, J. Third persons are not admitted to defend in a suit as a matter of right. They are only admitted to prevent an unjust diversion of property, or some other wrong. *Reynolds* v. *Damrell*, 19 N. H. 394, 397; *Kimball* v. *Wellington*, 20 N. H. 439; *Clough* v. *Curtis*, 62 N. H. —— . In *Reynolds* v. *Damrell, supra*, the motion of a subsequent attaching creditor to quash the writ for defect in mere form was denied. In *Kimball* v. *Wellington, supra*, a subsequent attaching creditor was not allowed to file a plea in abatement at the second term, although that was the first term he appeared. In *Clough* v. *Curtis, supra*, a subsequent attaching creditor was allowed to show by evidence *aliunde* that the writ was fraudulently altered after service.

In *Blaisdell* v. *Ladd*, 14 N. H. 129, the trustee was discharged on motion of a subsequent attaching creditor, because the trustee was also one of the plaintiffs. In *Davis* v. *Fogg*, 58 N. H. 159, a claimant of funds in the hands of the trustee was not allowed to defeat the plaintiff's prior right, his own title being shown to be invalid. In that case, the appearance of a claimant, or of a subsequent attaching creditor, to defend, was held to be an equitable proceeding, and that his right to resist the plaintiff's suit is not conclusively established by the interlocutory order permitting him to appear and defend. It was said his right must remain open to question, so that when it appears he has no right to resist the suit " he must retire from the field, which he is allowed to enter only for the purpose of showing that the right which he maintains is the right of the case."

As against the plaintiffs, Stone may have a technically legal title to the goods replevied. How that may be, we do not decide; for the plaintiffs' rights, equitably considered, are superior. The ground upon which Stone claims to hold the goods .is, that Frost was his agent; but it was not an agency for the transaction of an honest mercantile business. Their ultimate and principal object, as disclosed by the evidence, was the perpetration of a fraud not only upon the vendors of these goods, but upon as many other persons as they might be able to overreach. In the purchase of the goods Stone was not known, and it was not intended he should be. The goods were bought upon the sole credit of Frost, and never paid for. It was never intended they should be paid for, or that Stone's credit should be pledged for them. In the sale of the goods, the vendors understood they were dealing with Frost alone, and they gave credit to him alone, and both Frost and Stone intended they should so understand. As Stone never paid for the goods, and never intended to pay for them, and as his credit was never pledged for the goods, and he never intended it should be, he is not entitled to the benefit of this equitable proceeding. He obtained possession of the goods, but it was in pursuance of a conspiracy entered into with Frost to cheat and defraud the vendors, and for which both might have been indicted. *Commonwealth* v. *Eastman*, 1 Cush. 189. The means he used to acquire possession were illegal and criminal.

The vendors of the goods had their election to treat the sale as valid, and go against Frost or Stone for their price, or recover their goods because of the fraud. Their election to treat the sale as valid by proving their claims against the estate of Frost, is not a reason for extending relief to Stone in an equitable proceeding. They only accepted the position which both Stone and Frost intended they should take, that of creditors of Frost. The defendants have submitted to a default, and do not contest the plaintiffs' right to recover the goods. The vendors interpose no objection to the appropriation of the proceeds of the goods for the benefit of

all the creditors of Frost, themselves included. By proving their claims against his estate they invite that result. Justice does not require that Stone be admitted to divert this property from the honest creditors of Frost, whom Stone has conspired with him to swindle. At the trial term, the leave granted to Stone to appear and defend will be revoked, and judgment will be rendered on the default of the defendants for the plaintiffs.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.