Hillsborough, } No. 3626.
Feb. 4, 1947. }

GEORGE W. COTE *v.* GARRIE STAFFORD.

*Jeremiah J. Doyle,* for the plaintiff.

*Tobey & Zellers,* for the defendant.

JOHNSTON, J. The defendant argues that her motion for a directed verdict and the one for setting aside the verdict should have been granted because of the rule declared in *Harlow* v. *Leclair,* 82 N. H. 506. Stated briefly, this rule is that a party is bound by his statement of facts concerning matters known to him and about which he cannot reasonably be mistaken.

The principle does not apply when the jury can reasonably find that the party was honestly mistaken. "The doctrine of *Harlow* v. *Leclair,* 82 N. H. 506, does not apply because the above testimony of Ross relates to an objective matter about which he could honestly have been mistaken." *Ross* v. *Burnham,* 91 N. H. 80, 83, and cases cited.

The admission of the plaintiff upon which the defendant based her motion for a directed verdict was as follows: "March—I went to the hospital March 26, 1943, and she used to come down to see me every day and I used to see it [the wrist watch] then when she was down to see me at the hospital." The defendant contends that because of this

admission of Mr. Cote, his wife must have regained possession of the jewelry box as claimed by the defendant.

The evidence on the face of it was not entirely correct. If the jewelry box was with the defendant three or four days or more short of a week, as the defendant testified, then Mr. Cote could not have seen the watch on his wife every day at the hospital until after such period. It is to be noted that his testimony, wholly dependent upon his memory, related to an observation made more than two years before, which called for no action on his part and placed him in no particular frame of mind.

Mr. Cote was a man fifty-eight years of age and could be found to be in poor health. He had been under medical treatment that included hospital care. At the time of giving the testimony under consideration he could not recall other dates and facts: when his son was taken to . the hospital; whether he saw the wrist watch on his wife in the summer of 1943; whether he saw it on her at the time of a visit from his sister Dora; what jewelry she had on the day he was on the witness stand. He was mistaken about his wife's age.

The plaintiff's own opinion of his memory was: "Not too good, no."

When the defendant moved for a directed verdict on the ground that the plaintiff's own testimony was that the watch was in the possession of his wife after March 26, the Court stated: "The Court is of the opinion that the plaintiff doesn't quite understand a good many of the things that took place during that period and, therefore, denies your motion."

*Judgment on the verdict.*

DUNCAN, J., took no part in the decision: the others concurred.