Hillsborough,
Rockingham, } No. 3718.
June 1, 1948.

ANDREW J. JODOIN, *Adm'r of the Estate of Joseph A. Jodoin*

*v.*

JOHN T. BAROODY *& a.*

*Maurice A. Broderick* (by brief and orally), for the plaintiff.

*J. Morton Rosenblum* (by brief and orally), for the defendants.

BLANDIN, J. The plaintiff's exceptions are overruled. In regard to his first contention, that the Court erred in granting the defendant's motion to strike off the default and judgment, it is sufficient to say that the record warranted a finding that the defendant John was justified in assuming his employer would undertake his defense. The action of the Trial Justice being well within his discretion (see R. L., *c.* 398, *s.* 2; Superior Court Rule 8, 93 N. H. Appendix) presents no further question for us to consider. *Lancaster National Bank* v. *Whitefield &c. Trust Company,* 92 N. H. 337. See also, *Lewellyn* v. *Follansbee,* 94 N. H. 111, 114, and authorities cited.

We turn now to the plaintiff's claim that the Court was bound as a matter of law to enter a decree in his favor, based on principles of estoppel and the rule in *Harlow* v. *Leclair,* 82 N. H. 506. In answer to these contentions it is enough to say that there is nothing in the conflicting evidence which the record discloses on the question of ownership of the property to compel a finding for the plaintiff. Neither estoppel nor *Harlow* v. *Leclair, supra,* apply here. There is no evidence that the plaintiff or his intestate ever relied to their prejudice on any representations of either of the defendants respecting ownership and therefore there is no estoppel. *Bosen* v. *Larrabee,* 91 N. H. 492; Hening's Digest, 571. The doctrine of the *Harlow* case does not apply to extra judicial admissions. *Coughlin* v. *Company,* 94 N. H. 57, and cases cited. Furthermore the record is barren of unequivocal statements of facts against interest regarding ownership, known to either of the defendants and concerning which they could not reasonably be mistaken. *Cote* v. *Stafford,* 94 N. H. 251.

The plaintiff also maintains that a presumption exists that John is the owner because he was clothed with the *indicia* of title. This argument loses sight of the fact, that so far as appears, no one relied on the situation to their detriment, and hence as previously pointed out there is no basis for an estoppel. Furthermore in this state a presumption is not evidence—its sole function is to take the place of

evidence. When the latter appears, if only to the extent that an inference may be drawn from it, the presumption vanishes. *Heffenger* v. *Heffenger*, 89 N. H. 530, 532, and cases cited.

Lastly the plaintiff argues that the Court erred in placing the burden of proof upon him. He appears to rely here, partially at least, upon the principle of a presumption in his favor, of which we have already disposed, and also upon the alleged intent of the Legislature as shown by the provisions of R. L., *c.* 412, *ss.* 26, 27, 28, relative to trustee process. It is doubtful if the statute applies here since the plaintiff has not chosen to rely on it, but has brought an action in the nature of a creditor's bill to reach assets, claiming fraud by the defendants and an intent to hinder and delay the plaintiff in collecting his judgment. However we are unable to find any such intent in the wording of the statute. Section 28 refers to the third person, in this case Adele, as the "claimant" and the party making the attachment, here the administrator, as the "plaintiff." Nowhere does it indicate any shifting of the burden of proof. Nor do the cases cited by the plaintiff support his position. In *Levy* v. *Woodcock*, 63 N. H. 413, it was shown that the claimant had obtained the property by fraud, and in *Davis* v. *Fogg*, 58 N. H. 159, it appeared the claimant had no title. The remaining two cases do not fall under the statute, and merely state the familiar rule of equitable pleading that where the defendant makes affirmative allegations in objection to, or in avoidance of the plaintiff's demand he must produce some evidence to sustain his position. It is fundamental law in this state that though the duty of going forward may shift, the burden of proof remains on the plaintiff. *Cohn* v. *Saidel*, 71 N. H. 558, 570, and cases cited; *Caswell* v. *Maplewood Garage*, 84 N. H. 241, 255; *Raymond* v. *Indemnity Company*, 86 N. H. 93, 98, and cases cited. Here too, the plaintiff chose to open and close the case and we find no error in the Court's ruling that the burden was on him. See *Hartford &c. Company* v. *Lougee*, 89 N. H. 222.

The plaintiff's argument that as the Court could not tell "where the truth lies" he must have found Adele was not the owner and John was, requires little consideration. Disbelief does not take the place of evidence. *Brickell* v. *Company*, 93 N. H. 140. Any other exceptions being neither briefed nor argued are deemed waived and the order is

*Exceptions overruled.*

All concurred.