MAYME JENNESS COLBY *v.* EDWARD G. COLBY.

*Upton, Sanders & Upton* and *William D. Tribble* (*Mr. Tribble* orally), for the plaintiff.

*Sulloway, Piper, Jones, Hollis & Godfrey* (*Mr. Jones* orally), for the defendant.

JOHNSTON, C. J. Even if the plaintiff and the defendant were tenants in common of the farm, this fact alone did not prevent the

defendant from buying the plaintiff's interest at the judicial sale of the administrator. The fiduciary relationship that exists between tenants in common is limited to the acquisition of a title adverse to the common interest. "Since the doctrine applies only to the case of the acquisition of an adverse title, it does not apply when one cotenant purchases a title not adverse, as in the case of a purchase of the reversion by one colessee, or where a joint remainderman purchases the life estate, or to a purchase by one cotenant of the interest of the other at execution or judicial sale. And a cotenant is at liberty, it seems, to purchase on his own behalf at a sale for taxes assessed merely on the other cotenant's interest in the property. Nor does the rule restrict the right of cotenants to buy from each other." 2 Tiffany, Real Property (3rd *ed.*) 292, 293.

The plaintiff is estopped from claiming that she and the defendant were tenants in common of the one-third undivided interest in the farm belonging to the Charles W. Colby estate. On filing her release of dower and homestead, she became entitled to all the real estate of her husband to the amount of $7,500 and one-half in value of the remainder. R. L., c. 359, s. 10, *par.* III. This completely excluded the defendant from any participation in said one-third or the proceeds thereof. Accordingly, she is precluded by reason of her own conduct from maintaining that she and the defendant were tenants in common of this one-third interest. If she is barred from this position, then she cannot assert that as a matter of law his purchase at the judicial sale of the administrator resulted in a constructive trust for her benefit.

Moreover, the Court was not obliged to find a confidential fiduciary relationship because of the fact that the parties were brother-in-law and sister-in-law and because of the alleged declarations of trust and confidence between them. It was for the Court to believe or disbelieve the conflicting evidence and to evaluate it.

The finding of the Court that there was not a constructive trust was properly made in its discretion.

However, the ruling that the bill in equity was an attempt to attack collaterally the decree of the Probate Court granting the license to sell was erroneous. The bill alleges that the defendant purchased the one-third interest in violation of his confidential and fiduciary relationship, duties and obligations to the plaintiff, and prays that he be ordered to account for the proceeds of the sale of said interest by him to one Gardner. The plaintiff is not attacking

collaterally or otherwise the decree of the Probate Court of the sale of the real estate of the deceased.

*Strates* v. *Dimotsis*, 110 F. (2d) 374, was an action by surviving heirs to impress a trust upon certain real estate fiducially acquired by the administrators. The court on pages 375, 376 said: "By decree the court impressed a trust upon the property in favor of Mrs. Eugenia Dimotsis, individually, and as guardian and next friend of the minor children. The appellants contend that the proceedings below constituted a collateral attack on the judgment and orders of the Probate Court. They cite and rely upon numerous Texas decisions which hold that where the jurisdiction of the Probate Court has once attached 'the orders and judgments of such court must stand until set aside, and could not be collaterally attacked.' . . . The contention of the appellants is without merit. The action was one to impress a constructive trust on the property and not one to attack the orders and judgment of the Probate Court or to set aside or invalidate the sale made under its authority." See also, *Holt* v. *Dickmann Real Estate Company*, 140 S. W. (2d) 59, 64; 31 Am. Jur. 210.

A collateral attack has been defined as follows: "A collateral attack is an attempt to avoid, defeat, or evade a judgment, or to deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it." 49 C. J. S. 809. The plaintiff does not seek to avoid, defeat or evade the probate decree but asserts the validity of it as authorizing transfer of legal title to the one-third interest in the farm to subsequent purchasers, so that she may have an accounting of the proceeds.

The decision that there was no constructive trust as a matter of fact was not in any way based upon the erroneous ruling that the bill was a collateral attack upon the Probate Court decree. The trust was claimed because of a fiduciary relationship between the parties arising from their being brother-in-law and sister-in-law and from alleged declarations between them. In order to determine whether or not a trust existed such as was claimed, it was necessary to consider these facts. The ruling that the bill was an attack upon a decree of the Probate Court related to an independent issue. So far as the determination of a constructive trust was concerned it was immaterial. The Court was obliged to find or fail to find the trust on the evidence. The erroneous ruling was not evidence. Accordingly, it can reasonably be said that this ruling did not prejudice the outcome of the trial. *Emery* v. *Woodward, ante,* 61. The bill was dis-

missed on two independent grounds, each specifically ascertained. The correct one was entirely adequate for the result reached. Since the absence of a trust was found, the dismissal of the bill necessarily followed.

*Bill dismissed.*

All concurred.