HARDWARE MUTUAL CASUALTY COMPANY, Plaintiff-Appellee, v. BLOOMBERG, d. b. a. BLOOMBERG PLUMBING COMPANY, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3540. Decided October 21, 1952.

Rendinell & Powers, Youngstown, for defendant-appellant.
Edward L. Williams, Youngstown, for plaintiff-appellee.

## OPINION

By PHILLIPS, J.

Abraham Brothers Company entered into an agreement in writing with Katzman Construction Company to remodel its store in Youngstown, Ohio.

Katzman Construction Company entered into a written contract with Isaac Bloomberg, d. b. a. Bloomberg Plumbing Company, to do the plumbing and heating work necessary to complete such remodeling.

Subsequently defendant agreed with Abraham Brothers Company to do additional work, not included in his contract with Katzman Brothers Company, which was done during such remodeling.

Before commencement of any work by Isaac Bloomberg the plaintiff insured him against loss resulting to him by reason of injury to property incurred through his own negligence.

During the performance of such additional work by defendant Bloomberg property of Abraham Brothers Company was damaged by leakage as the result of which defendant Bloomberg prevailed in a tort action filed by Abraham Brothers Company against him in the court of common pleas.

Defendant incurred expenses incident to defending the action in the

court of common pleas brought against him by Abraham Brothers Company, in which he prevailed, which expenses included attorney fees, which he contended the plaintiff was bound to pay by the terms of its contract of insurance, and which he requested it to pay, and which it refused to pay on the ground that its liability had terminated because the plumbing originally contemplated between Katzman Brothers Company and defendant was finished notwithstanding the heating work had not been completed.

Thereafter plaintiff filed a declaratory judgment action in the court of common pleas against defendant, numbered 135696 on the docket of that court, to have determined whether it was bound by the terms of its contract of insurance with defendant to pay to him his expenses incurred in defending the action brought against him by Abraham Brothers Company.

The trial judge found for the plaintiff, and entered judgment declaring that plaintiff was not bound by the terms of its contract of insurance to reimburse defendant for his expenses incurred in defending the action Abraham Brothers Company brought against him; that plaintiff is in no way legally bound to defendant Bloomberg under the pleadings and evidence in "said cross-petition of defendant Isaac Bloomberg, d. b. a. Bloomberg Plumbing Company, or in any other sum."

The trial judge further found:—

"That the accident complained of occurred after the operation, out of which it is claimed the accident arose had been completed; that the operation will not be deemed incomplete because defectively performed; that the word 'operation' is not synonymous with 'contract' or legal agreement, but means the execution of the work embraced within defined limitations out of which the claimed accident arose; that the outcome of Case No. 131704 is not controlling, the policy providing in effect that the insured must defend within limits of the policy a suit which is groundless or not."

Defendant appealed to this court from that judgment on questions of law.

By single assignment of error defendant claims "the trial court erred in its determination as a matter of law that the word 'operations' was not synonymous with 'contract' job but meant work embraced within defined limitations for in so doing the trial court ignored the precepts of all cardinal rules of construction."

Defendant contends that in the court of common pleas "the question for decision resolved itself into judicial construction of whether the term 'completion of operations' as used in the policy contract referred to the whole job defendant-appellant was to do at the site, or whether it referred to isolated parts of the same job."

Plaintiff argued that question negatively and defendant affirmatively in both the court of common pleas and this court, and claims that "his 'operations' were not complete since he still had work to do under his contract with the general contractor."

Construing the lengthy policy of insurance in its entirety, as we must like all other contracts giving effect to the intention and express language of the parties to it, and applying the applicable rules of con-

struction of the contract to the evidence, and especially the evidence of defendant that such injury to property occurred four months and one week after the plumbing was finished excepting inspecting the radiator, and without reference further to the provisions of the contract of insurance we conclude that the trial judge did not err to defendant's prejudice as urged.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur. .