Cheshire,
No. 5273.

RENO STREETER & *a.*

*v.*

NEW ENGLAND BOX COMPANY & *a.*

Argued January 6, 1965.
Decided February 26, 1965.

*Arthur Olson, Jr.* (by brief and orally), for the plaintiff.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Robert F. Mc-Ginnis* (*Mr. McGinnis* orally), for the defendants.

Blandin, J. The two basic issues presented are: first, whether the Trial Court's verdict for the defendants is supported by the evidence; second, whether the Court abused his discretion in denying the plaintiff's petition for a further medical examination after a verdict for the defendants was rendered.

The record discloses that the plaintiff suffered a compensable injury while working for the defendant New England Box Company on January 25, 1961. Agreements for payment for total temporary disability were filed, and he was paid for this disability and for the medical bills by the defendant Travelers Insurance Company until June 19, 1961. Meanwhile, on June 1, 1961, the plaintiff's attending physician had reported to the insurance company that he had requested the plaintiff to return to work within two weeks from that date, and that he then believed that this request "gives him [the plaintiff] every benefit of the doubt." As a result of this report, the insurance company petitioned the Commissioner of Labor for an order ending compensation payments, which the Commissioner did as of June 19, 1961.

Upon a petition by the plaintiff, the Commissioner held a

hearing on December 27, 1961, and awarded the plaintiff compensation on the basis of fifty per cent. From this award the defendants appealed under RSA 281:37 (supp).

At the trial before the Superior Court, the plaintiff's attending physician and orthopedic specialist, who conducted a neurological as well as other examinations of the plaintiff, testified on the latter's behalf. He found a certain amount of disability in that the plaintiff claimed that he had pain in the left arm and shoulder and that the doctor believed a scalene muscle syndrome existed. The physician for the defendants, a neurological specialist, also testified for them. He found nothing to sustain the plaintiff's complaints, and especially no evidence of the syndrome which the plaintiff's physician believed existed.

At the close of all the evidence, the Court requested that the plaintiff be examined by a third doctor, who was to submit a report to the Court. Both parties were to have a right to examine this doctor under oath before the Court, after the report was made. The parties agreed that an "impartial physician" should make such an examination and this was done. This physician made his report which stated that "This patient did not have evidence of a protruded intervertebral disc or scalene compression at the present time." The report concluded with the observation that "his fundamental problem is post-traumatic neurosis as far as I could determine. I was unable to find any other major disturbance." Neither party took advantage of the Court's permission to examine this witness.

We think we need not labor the point that in this state of the record the Trial Court's failure to find for the plaintiff is, as a matter of law, unassailable. As we have repeatedly held, the conflicts in evidence were for that Court to resolve. *Clover &c. Co.* v. *Smith Co.,* 96 N. H. 491, 493. The opinion of that Court will not be set aside "unless so clearly erroneous that it could not reasonably be made." *Walter* v. *Hagianis,* 97 N. H. 314, 316. Indisputably, the finding here was within the bounds of reason. It follows that the plaintiff's exception to the Court's finding on the grounds that the verdict for the defendants was not supported by the evidence must be overruled.

We come now to the second issue, which is whether there was any abuse of discretion in the Trial Court's denial of the plaintiff's petition for a further medical examination after he had been examined by three doctors and after a verdict for the defendants was rendered. While the Court in the exercise of its general

power to regulate trial procedures (*Glidden* v. *Brown*, 99 N. H. 323, 326) had the authority to order a further examination, this matter was discretionary. *Naum* v. *Naum*, 101 N. H. 367, 370. See *Magoon* v. *New Eng. Power Co.*, 103 N. H. 366.

In all the circumstances, we find no abuse of the Court's discretion in refusing the plaintiff's request, and his exception thereto is overruled.

The order is

*Judgment on the decree.*

All concurred.