Coos,
No. 5476.

ELAINE D. EICHEL *v.* ISABELLE PAYEUR.

Argued April 5, 1966.
Decided April 29, 1966.

*Hinkley & Donovan ( Mr. Walter D. Hinkley* orally ), for the plaintiff.

*Rich & Burns ( Mr. James J. Burns* orally ), for the defendant.

KENISON, C. J. The issue in this case is whether the action of the Presiding Justice in setting aside a verdict for the plaintiff in the amount of $4,590 as inadequate was justified by the record. The plaintiff's bills approximated $1,090 so that she received a jury verdict of $3,500 for her injuries at a time when she was 22 years old, unmarried, and had a life expectancy of 55 years. The plaintiff received a laceration of her lower lip

which required stitches both inside and outside her mouth and plastic surgery. In addition to pain and suffering at the time of the accident she received a permanent scar and a definite thickening of the lower lip together with permanent numbness of the lip which occasionally causes food or drink to dribble from her mouth without her knowledge. She also received a compression fracture of a lumbar vertebra which had healed at the time of trial and a permanent "slight slipped disk" resulting in atrophy of the muscles of the right thigh and intermittent back pain.

The authority of the Presiding Justice to set aside a verdict for inadequacy of the damages is well established. *Lavoie* v. *Blake,* 106 N. H. 347; *Hadley* v. *McLaughlin,* 100 N. H. 497; *Gomes* v. *Roy,* 99 N. H. 233; *Smith* v. *Turner,* 92 N. H. 49. The Presiding Justice who saw and heard the witnesses was "surprised" by the verdict. *Eichel* v. *Payeur,* 106 N. H. 484, 485. While surprise is not the test it may be some indication that the amount of the verdict was not based on the evidence before the jury.

It is familiar law that the findings and rulings of the Trial Court are not to be disturbed unless it clearly appears they were made without evidence or there was an abuse of discretion. *Wisutskie* v. *Malouin,* 88 N. H. 242; *Golej* v. *Varjabedian,* 86 N. H. 244. No one yet has devised a litmus test which will indicate with absolute certainty whether a trial court has abused its discretion in setting aside a jury verdict as excessive or inadequate. James, Civil Procedure, *s.* 7.21 (1965); Wilson, The Motion for New Trial Based on Inadequacy of Damages Awarded, 39 Neb. L. Rev. 694 (1960); *Hadley* v. *McLaughlin,* 100 N. H. 497. While it is true that verdicts have been set aside more often in this jurisdiction because they were excessive rather than because the damages were inadequate, the power of the trial court to do this is well established. Note, Grounds for a New Trial in New England — Inadequate or Excessive Damages, 39 B. U. L. Rev. 392, 413-414 (1959). See *Morrell* v. *Gobeil,* 84 N. H. 150; *Lisbon* v. *Lyman,* 49 N. H. 553, 582-586; Annot. 29 A.L.R. 2d 1199.

We have examined the record in this case and are satisfied that the Presiding Justice did not abuse his discretion in setting aside the verdict on damages only as inadequate. Considering the plaintiff's age, life expectancy, status, disfigurement and the

nature of her injuries we cannot say as a matter of law that any error was committed in setting aside the jury verdict as inadequate under the circumstances. "It is a feature of a jury trial for the trial judge not only to see that the trial is fairly conducted but also to correct or vacate what turns out to be an unfair result. To inspect the product is no less. a duty than to oversee the process of production." *Wisutskie* v. *Malouin,* 88 N. H. 242, 245.

*Defendant's exception overruled.*

All concurred.