Cheshire,
No. 6089.

RICHARD S. WESCOTT, individually
and as father and next friend of Stewart Wescott

*v.*

LUMBERMENS MUTUAL CASUALTY COMPANY

January 29, 1971.

*Olson, Reynolds & McMahon* for the plaintiffs filed no brief.

*Eaton, Eaton, Ross & Moody* and *Charles Solms* III ( *Mr. Solms* orally ), for Lumbermens Mutual Casualty Company.

*Devine, Millimet, McDonough, Stahl & Branch* and *Robert A. Backus* ( *Mr. Backus* orally ), for Granite State Insurance Company.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *James S. Yakovakis* ( *Mr. Yakovakis* orally ), for Insurance Company of North America.

GRIMES, J. In this petition for declaratory judgment, the trial court found that Joseph Melson was the owner of the automobile which was being driven by one Ward with Melson's permission

and which was involved in the accident with Stewart Wescott and that the Insurance Company of North America which insured another vehicle owned by Melson was required to provide primary coverage for the accident as an " owned automobile" under its policy instead of the Granite State Insurance Company which insured a vehicle owned by Ward. The exceptions of Insurance Company of North America were transferred by *Dunfey*, J.

It appears that Joseph Melson was engaged in sub-contracting in the machine business. He was carrying on business in some capacity which is not clear with Northern Machine Corporation in which he held no stock and held no office. Ward was also employed in the business, and Melson was his " boss. " The corporation was engaged in selling equipment, while Melson was engaged on its premises and using its machinery for the sub-contracting operation which apparently involved doing machine work on equipment. Melson decided a pickup truck was needed to pick up and deliver the items on which he was doing work. His testimony was that the corporation had no funds and no credit, and that he therefore sent Ward to find a truck to purchase. The vehicle in question, a 1963 Chevrolet pickup, was brought to Melson for his approval, and the sale was consummated at the premises of Northern Machine. Mr. Melson conducted all the negotiations but directed the seller to place the vehicle in the name of Mrs. Melson and to secure the financing in her name as well. Although Mrs. Melson signed the necessary papers, she was not involved otherwise in the negotiations. Melson paid the $400 cash down-payment. Northern Machine never made any payments on the vehicle, all payments being made by Mr. Melson.

The vehicle was used in the business in which Melson was engaged and Ward was permitted to take it home to Alstead, New Hampshire at night because Melson didn't want it left at the plant at Bellows Falls, Vermont. It was on one of these trips home on April 16, 1964, a few days after the truck was purchased, that the accident occurred.

Mrs. Melson had a Corvair registered in her name which was covered by a liability policy issued by Lumbermens. Mr. Melson had a 1963 Impala which was covered by Insurance Company of North America, and Ward was covered by a policy with Granite State.

Considering all the facts and circumstances, we cannot say that there was no evidence to support the finding of the trial court that at the time of the accident the pickup was owned by Mr. Melson. *Eichel v. Payeur,* 107 N.H. 194, 219 A.2d 287 ( 1966 ); *Kuo v. Kuo,* 108 N.H. 460, 237 A.2d 690 ( 1968 ). Mrs. Melson was clearly only a " straw " as the trial court found, and nothing in the evidence compels a finding that Northern Machine was the owner.

The question remaining is whether the trial court's holding that the Insurance Company of North America policy provided the primary coverage for the accident was erroneous. We hold that it was.

The pickup was not described in the North America policy, but it was acquired by Mr. Melson during the policy period. The policy provides coverage for an " owned automobile " which, in addition to the described vehicle, a trailer, and a temporary substitute automobile, also includes

" ( c ) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided

 ( 1 ) it replaces an owned automobile as defined in ( a ) above, or

 ( 2 ) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile . . . . "

Coverage, however, cannot be imposed under this provision because by its terms it is restricted to a " private passenger, farm or utility automobile. " The pickup truck cannot be classified as any of these. It is clearly not a private passenger or farm automobile and, in view of the use for which it was purchased and to which it was put, it cannot be said to be a utility automobile which by the policy is defined as

" an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pick-up body, sedan delivery or panel truck type *not used for business or commercial purposes*; " ( emphasis added ).

This is quite different from provisions which exclude vehicles

from coverage only "while used in the business or occupation of the named insured . . . ." *See Bowen* v. *Casualty Co.*, 99 N.H. 107, 107 A.2d 379 ( 1954 ); *Merchants &c. Co.* v. *Tuttle*, 98 N.H. 349, 101 A.2d 262 ( 1953 ). Nor is this a case where a vehicle could be covered at some times and not at others, as in *Am. Cas. Co.* v. *Senecal*, 100 N.H. 261, 264, 124 A.2d 199, 201 ( 1956 ). Here there was coverage only if the vehicle was one which was "not used for business."

Since the truck in this case was used for business purposes during the time of Melson's ownership, it never became identified as an insured vehicle and was never insured at any time under the terms of the policy. "For identification of an insured vehicle, reliance must be placed wholly upon a showing that the particular vehicle comes within the policy description of the vehicles insured." *Peerless Ins. Co.* v. *Gould,* 103 N.H. 134, 139, 166 A.2d 462, 465 ( 1960 ).

There is no mention in RSA ch. 268 of any requirement that a motor vehicle liability policy provide automatic coverage for vehicles not described in the policy but acquired during the policy period. Therefore Insurance Company of North America is not required to provide statutory coverage for the pickup truck.

It follows that Insurance Company of North America is not obligated to defend the actions arising out of the accident of April 16, 1964, but that Granite State Insurance Company is so obligated because its policy with Ward insured him while he was operating a "non-owned automobile."

*Exceptions sustained. Remanded.*

All concurred.