Grafton,
No. 6257.

WHITTEN OIL, INCORPORATED

*v.*

FIREMAN'S FUND INSURANCE COMPANY & *a.*

July 24, 1972.

*Upton, Sanders & Upton* and *Robert V. Johnson II* (*Mr. Johnson* orally) for the plaintiff.

*Hinkley & Donovan* (*Mr. Walter D. Hinkley* orally) for defendant Fireman's Fund Insurance Company.

*Devine, Millimet, Stahl & Branch,* for defendants Squam Boats, Incorporated, J. Henry Hickman, and Emily J. Hickman, filed no brief.

GRIFFITH, J. This is a declaratory judgment petition to determine coverage under a manufacturers' and contractors' liability insurance policy issued by defendant Fireman's Fund Insurance Company to plaintiff, for a fire which occurred at the Squam Boats marina on June 10, 1968. Hearing by the trial court resulted in a decree of coverage. The Trial Court (*Johnson,* J.) reserved and transferred defendants' exceptions.

In October 1967, the plaintiff Whitten Oil, Incorporated entered into an oral contract with Fred H. Speed, Inc., to replace gas tanks at the Squam Boats, Incorporated marina as part of a general remodelling. The premises of Squam Boats, Incorporated were owned jointly by J. Henry Hickman and Emily J. Hickman.

During the month of October 1967, Whitten Oil removed two old tanks from beneath the marina building, installed a new tank and one of the old tanks in the ground outside the building, and connected them to the gas tanks at the dock. However, it did not then install the air separation lines which were required for commercial operation of the pumps. These lines prevent the pumps from continuing to register,

as if pumping gas, after the tanks have run dry. Installation of these lines was postponed because the equipment was not intended for use during the winter and it was more convenient to install them in the spring after the dock and the new pumps were ready.

On June 10, 1968, before Whitten Oil had returned to install the lines, a fire occurred in the marina, allegedly due to Whitten Oil's negligent failure to remove the filler pipes running to the old tanks. Liability coverage was carried for Whitten Oil's work for Speed by Fireman's Fund but the coverage ceased upon completion of the work. Plaintiff brought this action because of Fireman's Fund's refusal to defend suits brought against Whitten Oil as a result of the fire.

The insurance policy provides that "Operations shall be deemed completed at the earliest of the following times: (1) When all operations to be performed by or on behalf of the named insured under the contract have been completed.
" . . . .
"(3) When the portion of the work out of which the injury or damages arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project."

The trial court found that at the time of the fire all operations to be performed under the contract had not been performed nor had that portion of the work out of which damages arose been put to its intended use.

Fireman's Fund argues that the evidence did not support a finding that the operation was not completed before the fire. In support of this they rely on a letter written by Raymond A. Whitten, plaintiff's president, on June 17, 1968, reporting the fire to his insurance agent. In this letter Whitten states "the job was finished October 23, 1967." The trial court found that this letter was intended to refer to the fall phase of the contract and was not intended to indicate that the entire project was completed.

Defendants' argument assumes that the letter stands alone in determining the issue of contract completion. However, the letter was no more than an extrajudicial declaration and

did not limit the court's consideration of the writer's testimony or other evidence in the case on this issue. *Cote* v. *Company*, 86 N.H. 238, 166 A. 279 (1933); *Nason* v. *Lord-Merrow Excelsior Co.*, 92 N.H. 251, 254, 29 A.2d 464, 467 (1942); *Coughlin* v. *Company*, 94 N.H. 57, 46 A.2d 130 (1946); *Jodoin* v. *Baroody*, 95 N.H. 154, 59 A.2d 343 (1948). While the trial court did not permit the witness to answer questions explaining the letter, as he might have (*Canney* v. *Insurance Co.*, 88 N.H. 325, 327, 189 A. 168, 169 (1937); *Giroux* v. *Insurance Co.*, 85 N.H. 355, 159 A. 142 (1932)), nevertheless, the testimony of Whitten at the trial as to his contract and when it was completed supported the trial court's interpretation of the letter. On all the evidence the finding of the trial court that the contract was not completed at the time of the trial was within the bounds of reason and will not be set aside. *Streeter* v. *New Eng. Box Co.*, 106 N.H. 146, 148, 207 A.2d 423, 424 (1965).

The evidence also supports the trial court's finding that the work had not been put to its "intended use." The fact that the pumps could pump gas after the October work and that there was evidence the owner pumped gas for his own use during the period before the fire is not conclusive on this issue. The evidence supported the court's finding that the oral contract anticipated preparing the tanks and pumps for commercial operation, that they had not been so prepared and had not been used for commercial purposes. The cases relied upon by the defendant of *Berger Bros. Electrical Motors Inc.* v. *New Amsterdam*, 293 N.Y. 523, 58 N.E.2d 717 (1944), and *Hardware Mut. Cas. Co.* v. *Bloomberg*, 72 Ohio L. Abs. 550, 135 N.E.2d 698 (Ohio Ct. App. 1952), involved contracts where no work remained for completion and liability rested on defects or deficiencies in the completed work.

*Defendants' exceptions overruled; remanded.*

All concurred.