Merrimack
No. 6689

DONALD E. PRESTON

v.

NATIONAL GRANGE MUTUAL INSURANCE CO.

March 29, 1974

*Rinden & Tarrant (Paul A. Rinden* orally) for the plaintiff.

*Hall, Morse, Gallagher & Anderson (Mr. G. Wells Anderson* orally) for the defendant.

GRIFFITH, J. This is an action to recover under an insurance contract covering death or destruction to livestock resulting from attack by dogs. Trial by *Johnson,* J., who made certain findings of fact and rulings of law and returned a verdict for the plaintiff in the amount of $3,723.52. Defendant excepted to certain rulings and findings of the trial court and its denial of defendant's motion to set the verdict aside. Defendant's exceptions were reserved and transferred by the trial court.

Plaintiff had pastured 28 bred heifers in a pasture in Tilton on the farm owned by Arthur Wyatt. He was informed that they were missing and recovered them all over a period of several months. Plaintiff testified that all of the recovered cows were so affected by being chased by dogs that they were of no further value as milk cows and therefore had to be destroyed by being sold for beef.

Defendant company claims that the evidence was insufficient to support a finding that the cows had been attacked by dogs. The evidence regarding the attack by dogs was largely circumstantial, but it was uncontroverted and the totality of circumstances supported the trial court's findings. Plaintiff's witnessing of one of the cows being chased by a dog, his opinion that all of the cows had the appearance of having been chased by dogs, the testimony of an experienced dairy farmer that the plaintiff's cows

he saw had undoubtedly been "run by dogs"; the "wild", "ragged" and "scarfed" condition of the cows when finally retrieved, the previous pasturage of the cows in the same field without incident and plaintiff's inability to put the cows back into milk production, permit sufficient inferences to support a finding that all of the cows were attacked by dogs. *See Wescott v. Lumbermens Mut. Cas. Co.,* 111 N.H. 10, 12, 273 A.2d 684, 685-86 (1971); *Eichel v. Payeur,* 107 N.H. 194, 196, 219 A.2d 287, 288 (1966); *Streeter v. New Eng. Box Co.,* 106 N.H. 146, 148, 207 A.2d 423, 424 (1965).

The plaintiff gave three of the recovered cows to a man who assisted in their recapture, sold eleven to a party who sold them for beef and traded the remaining fourteen to the same party for two milk cows. The insurance company claims that the loss to the plaintiff resulting from being unable to return the cows to milk production and having to dispose of them on salvage terms was not a loss within the terms of the policy.

The pertinent provision of the insurance policy reads as follows: "In consideration of an additional premium ... this policy is extended to insure against death or destruction to livestock, directly resulting from or made necessary by ... d. Attack by dogs or wild animals ...."

The trial court found that "the plaintiff acted in a commercially reasonable manner in disposing of the cattle" and that the words in the policy "made necessary by" included actions that were commercially reasonable. Applying the well-established rule in this State that language in an insurance policy means "what a reasonable person in the position of the insured would understand the policy to mean" (*McCaffery v. St. Paul Fire Ins. Co.,* 108 N.H. 373, 375, 236 A.2d 490, 492 (1967)), we cannot accept the meaning read into the policy by the trial court and if this were the sole basis for the verdict, we would sustain defendant's exception.

However, the trial court went on to find "that for all intents and purposes, the cattle had been destroyed as valuable milk cows." This finding was supported by the evi-

dence since the trial court was entitled to accept the opinion of the plaintiff who had seen all the cows and an experienced dairy farmer who had seen some of the cows in preference to the opinion of a veterinarian who had seen none of the cows. *See Atherton v. Concord,* 109 N.H. 164, 166, 245 A.2d 387, 389 (1968); *Streeter v. New Eng. Box Co.* 106 N.H. at 148, 207 A.2d at 424 (1965).

Unlike the policy in the case of *Donnelly v. Underwriting Members of Lloyds',* 51 Cal. App. 2d 739, 117 P.2d 419 (1941), this policy contains no provisions defining or limiting the meaning of the word "destruction". The insured was a dairy farmer who specifically insured his cattle as dairy cows. The trial court found that after being chased by dogs the cattle were no longer of value as milk cows, in other words that they had been rendered useless for their intended purpose. "As used in policies of insurance... and under various statutes, this term [destroy] is often applied to an act which renders the subject useless for its intended purpose, though it does not literally demolish or annihilate it." Black's Law Dictionary 535 (4th ed. rev. 1968); *Roberts v. Commercial Cas. Ins. Co.,* 168 F.2d 23, 25 (6th Cir. 1948); *George v. McManus,* 27 Cal. App. 414, 416, 150 P. 73, 74 (1915). We are of the opinion that a reasonable man in the position of the insured would have understood that when his cows were rendered useless as milk cows they were destroyed and we hold the policy covered plaintiff's loss. *See Concord v. Peerless Ins. Co.,* 110 N.H. 497, 499-50, 272 A.2d 588, 590 (1970). The fact that the trial court incorrectly held that the slaughter of the cows was "made necessary" by the attack of the dogs does not vitiate the verdict where as here there are other findings that support it. *See Sargent v. Ross,* 113 N.H. 388, 399, 308 A.2d 528, 535 (1973); *Morley v. Clairmont,* 110 N.H. 12, 14, 259 A.2d 136, 137 (1969); *Hood & Sons v. Boucher,* 98 N.H. 399, 404, 101 A.2d 466, 469-70 (1953).

Defendant further argues that the verdict is excessive since there was evidence that only eleven of plaintiff's cows were slaughtered for beef. Since we have determined that the "destruction" of the cows occurred when they

were rendered useless as milk cows and the verdict made allowance for the salvage amounts plaintiff received for the cows the argument cannot be accepted.

*Exceptions overruled; judgment for the plaintiff.*

Kᴇɴɪsoɴ, C.J., did not sit; the others concurred.