Grafton
No. 6828

JOHN N. BURNS & a.

v.

JOHN LELAND SOSMAN

November 29, 1974

*Wakefield & Ray* and *William H. Hopkins* (*Mr. Hopkins* orally) for the plaintiffs.

*Sanders, McDermott & Kearns* and *John Colliander* (*Mr. Colliander* orally) for the defendant.

GRIFFITH, J. This is a bill in equity in which the plaintiffs seek conveyance from the defendant of a two-thirds interest in two tracts of land located in Waterville Valley presently standing in the name of the defendant. Defendant agreed that the plaintiffs were the owners of a two-thirds interest in one tract with a building thereon known as Osceola Cottage but denied they had any interest in the second tract. Trial before a Master (*Charles T. Gallagher,* Esq.) resulted in a finding in favor of the defendant denying plaintiffs any interest in the second tract. This finding was approved by the Trial Court, *Mullavey,* J., who reserved and transferred plaintiffs' exceptions.

All of the parties have been sojourners at Waterville Valley since World War II and are members of a ski club known as the Black and Blue Trail Smashers Club. For some years the club had the use of a section of the Waterville Valley Inn at reduced rates but with the passage of time, it became apparent that this arrangement could not continue indefinitely. In 1959 the defendant learned that a property known as Osceola Cottage, owned by Ralph Bean, the owner of the inn, was available for purchase. The defendant initiated the purchase of this property in 1959, enlisting as co-owners the plaintiffs Wyman and Burns together with Henry G. Pollard. Defendant purchased the cottage in his name and executed a mortgage for part of the purchase price although the other co-owners contributed equally to the down payment. Since the purchase, all operating costs, capital expenditures and mortgage payments have been borne equally with the defendant, Sosman, acting as treasurer. There is no dispute between the parties concerning the accounting of the defendant, Sosman, as treasurer of the group.

The second tract in which the plaintiffs claim ownership was purchased by the defendant from Ralph Bean in 1964 in his own name and with his own funds. In 1964 Pollard resigned and the other members of the group bought him out at book value with no mention of the second tract. In 1969 the present dispute came to a head when the plaintiffs learned that the defendant proposed to build on the second tract and refused to acknowledge plaintiffs' claimed interest in that tract.

It appears that the parties intended to operate Osceola Cottage as a corporation, and Osceola Skiers, Inc. was formed for that purpose. However, no real estate was ever transferred to the corporation and the master correctly ruled that the intended corporate ownership was not relevant to the dispute between the parties.

The plaintiffs claim that the evidence required the master to find that defendant, Sosman, when he purchased the second tract was acting as the agent of the group. They claim that the testimony of the plaintiffs that the parties agreed upon the purchase in the presence of Ralph Bean and authorized defendant to complete it must be accepted by

the master. This testimony was denied by the defendant and his wife and unsupported by the testimony of Ralph Bean and Henry Pollard. This finding is not required by the evidence and the refusal of the master to make it must be sustained. *Whitten Oil, Inc. v. Fireman's Fund Ins. Co.*, 112 N.H. 257, 293 A.2d 757 (1972); *Streeter v. New Eng. Box Co.*, 106 N.H. 146, 207 A.2d 423 (1965).

The remaining arguments of the plaintiffs rest upon a claim that the relationship of the parties was such that the defendant owed a fiduciary duty to the plaintiffs which was breached by his purchase and retention of sole ownership of the second tract. The parties owned and operated Osceola Cottage in a careless unstructured status not uncommon when the purpose is pleasure. The relative rights of the parties only became important when there was a possibility of profit. The master correctly assessed this relationship as not a partnership (*Austin v. Thomson*, 45 N.H. 113, 119 (1863); RSA 304-A:6 (Supp. 1973)) nor one imposing any fiduciary duty on the defendant which would prevent his acquiring sole ownership of the second tract. *See Rosenblum v. Company*, 99 N.H. 267, 271, 109 A.2d 558, 562 (1954). The finding that the parties held the Osceola Cottage as tenants in common was a correct appraisal of their equitable status. As tenants in common, whatever fiduciary duties the parties owed each other were limited to the property owned in common and created no duties as to their acts in relation to other property. *See Colby v. Colby*, 96 N.H. 452, 79 A.2d 343 (1951).

*Plaintiffs' exceptions overruled; remanded.*

All concurred.