Rockingham
No. 2005-715

RICHARD PORTER & a.

v.

KEVIN COCO & a.

Argued: September 12, 2006
Opinion Issued: November 3, 2006

*Brown and LaPointe, P.A.*, of Exeter (*Scott W. LaPointe* on the brief and orally), for the petitioners.

*McDowell & Osburn, P.A.*, of Manchester (*Mark D. Morrissette* and *David S.V. Shirley* on the brief, and *Mr. Morrissette* orally), for the respondents.

HICKS, J. The petitioners, Richard and Paula Porter, appeal the decision of the Superior Court (*Morrill,* J.) granting summary judgment to the respondents, Kevin and Susan Coco, on the Porters' petition to quiet title and establish boundary line. We reverse and remand.

The record supports the following. The parties own adjacent parcels in Fremont. They dispute ownership of 2.2 acres. The record reveals that at least as far back as 1862, the Porter parcel, the disputed land, and a portion of the Coco parcel were commonly owned by the Trickeys. The Porters acquired title to their property by warranty deed in July 2002 from Ryan and Charles Willey, who obtained title to the property in 1946. The deed conveyed "twenty-three acres, more or less" and contains a description of the property that includes the disputed land. This description has remained unchanged throughout the Porters' chain of title since 1897.

The Cocos acquired title to their property by warranty deed in April 1986 from C. Larry and Doris Therriault. The deed conveyed "5 acres, more or less" and the description of the property also included the disputed land. The Therriaults acquired title to the property in 1972 by

quitclaim deed from Bessie Healey. Bessie Healey acquired title to the property in 1957 by a Tax Collector Deed, which described the property only as "five acres Clough Land." When Bessie Healey conveyed the property to the Therriaults, she included a more specific description of the land that includes the disputed acreage. In April 1982, the Therriaults filed a petition to quiet title for the land acquired from Bessie Healey. The petition named as defendants persons in the Therriaults' chain of title, including the Trickeys, the heirs to such persons, "their unknown successors and assigns; [and] the unknown persons who claim any interest or estate in and to the subject matter of this action."

A guardian ad litem (GAL) was appointed by the court to represent the interests of unknown persons. The GAL informed the attorney representing the Therriaults that "the present owners of the 23 acre parcel abutting the subject premises" were the only other parties that "could conceivably have any interest" in the subject property "since it appears that the subject premises were increased in size over the years by subtraction from this adjoining parcel." At the time of the quiet title proceeding, the Willeys owned the twenty-three acre parcel now owned by the Porters. The attorney representing the Therriaults produced a letter dated October 28, 1982, addressed to the Willeys and informing them of the quiet title action by their abutters, the Therriaults. The letter was addressed to the Willeys' land in Fremont, although the Fremont property was undeveloped land and the Willeys actually lived in Epping at the time. It is unknown whether the Willeys ever received this letter. It is not contested that notice of the petition was published by the Town of Fremont and in the local newspaper, the *Exeter News*.

In December 1982, the trial court entered a default judgment granting the petition and issued a decree quieting title in the Therriaults to the five acres described in the 1972 Healey to Therriault deed. The decree provided, in pertinent part: "That all the right, title, interest, claim and demand of the known defendants herein, and unknown persons who claim any interest or estate in and to the subject matter of this action, are hereby removed and annulled . . . ."

In 2002, the Porters had their property surveyed. The survey indicated that the disputed 2.2 acres were part of the Porters' property. The Porters filed a petition to quiet title and establish boundary line on June 9, 2003. The Cocos moved for summary judgment on March 17, 2004, alleging several grounds for dismissal of the Porters' petition. Primarily, they claimed that the 1982 decree "barred any claim by any person in interest" and that the Willeys had received notice by means of the October 28, 1982 letter. In response, the Porters claimed that the petition did not quiet title as against the Willeys, because as interested parties, they were required to

be named as defendants in the petition pursuant to RSA 498:5-a (1997). The Porters further argued that even if the notification letter had been sent, it was insufficient to put the Willeys on notice of an adverse claim.

The trial court initially denied the Cocos' motion for summary judgment because "there is a genuine issue of material fact whether petitioners [*sic*] predecessor in title received notice of the 1982 action." The trial court also denied the Cocos' renewed motion for summary judgment and the Porters' motion for summary judgment. *Sua sponte*, the trial court subsequently reversed its earlier decision and granted the Cocos' renewed motion for summary judgment, holding:

> The Court finds that the respondents' predecessor in title, [the Therriaults], acted reasonably in attempting to identify all potential parties who may have had an interest in the property, title to which they sought to quiet, and in providing notice to said parties either by publication and/or mail . . . . Accordingly the court finds that the notice was sufficient as a matter of law . . . .

The Porters appeal, asserting that title to the disputed land was not quieted against the Willeys because they were not named as parties to the 1982 petition. The Cocos counter that the trial court properly granted summary judgment in their favor based upon: (1) the 1982 quiet title decree acting as a bar to subsequent claims; (2) the tax deed statute of repose, *see* RSA 80:39 (2003); and (3) the doctrine of laches.

> In acting upon a motion for summary judgment, the trial court is required to construe the pleadings, discovery and affidavits in the light most favorable to the non-moving party to determine whether the proponent has established the absence of a dispute over any material fact and the right to judgment as a matter of law.

*Panciocco v. Lawyers Title Ins. Corp.*, 147 N.H. 610, 613 (2002). "An issue of fact is material if it affects the outcome of the litigation." *Id.*

> To determine whether the trial court erred in granting the . . . motion, we consider the affidavits and other evidence, as well as all proper inferences therefrom, in the light most favorable to the [non-moving party]. If we find no genuine issue of material fact and that the [movant] was entitled to judgment as a matter of law, we will affirm the trial court's decision.

*Id.* (citation omitted).

The Porters claim that the Willeys were necessary parties to the 1982 petition and, as such, were required to be named as defendants in that

action. Because the Willeys were not named as defendants, the Porters argue, the 1982 decree cannot be enforced against them.

A petition to quiet title quiets title as against the world with respect to the land at issue. *Sorenson v. Wilson*, 124 N.H. 751, 757 (1984). However, "[t]he burden ... is on ... [the] party to prove good title as against all other parties whose rights may be affected by the court's decree." *Id.* at 758. A trial court may not render judgment quieting title to disputed property "in the absence of parties with a duly recorded interest in the property, unless those parties claimed no interest and the petition so alleged." *Id.*

RSA 498:5-a sets the standard for bringing quiet title petitions. It provides: "The petition in ... such action shall describe the property in question and state the plaintiff's claim, interest or title and the manner in which the plaintiff acquired such claim, interest or title and *shall name* the person or persons who *may* claim such adverse estate or interest." RSA 498:5-a (emphasis added). Quiet title petitions essentially seek a declaratory judgment from the court regarding the parties' land interests. *Radkay v. Confalone*, 133 N.H. 294, 296 (1990).

The Cocos concede that in 1982, the Willeys "were not expressly named as defendants in the 1982 Quiet Title Action and Decree," but claim that this was because "[they] were not identified as having an interest in the Coco property." The evidence in the record belies this assertion. The affidavit supplied by the Therriaults' attorney references the letter received by the GAL, which noted the increase in acreage of the Therriault parcel at the apparent expense of the Willey parcel and further stated: "It appears that if there are any parties that could conceivably have any interest in any portion of the property other tha[n] those named in the Petition, it would be the present owners of the 23 acre parcel abutting the subject premises...." (Quotation omitted.) This alone warranted naming the Willeys as defendants in the 1982 action, even if their interest was only speculative. *See* RSA 498:5-a. Accordingly, the Willeys and their successors, as necessary parties to the 1982 action, may not be bound by the 1982 quiet title decree. "The necessary parties to any proceeding, ... are those ... who have an interest in the subject-matter of the suit and whose rights may be concluded by the judgment." *Jones v. Herbert*, 77 N.H. 282, 284 (1914). A necessary party who has not been named a party to the action is not bound by the judgment. *See Lake Garda Improvement Association v. Battistoni*, 231 A.2d 276, 280 (Conn. 1967).

Nonetheless, the Cocos argue that the Porters' petition is barred because it is a collateral attack on the 1982 decree, which is a prior judgment. "A collateral attack is an attempt to avoid, defeat, or evade a

judgment, or to deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it." *Colby v. Colby*, 96 N.H. 452, 455 (1951) (quotation omitted). A collateral attack on a prior judgment is permitted for a lack of jurisdiction. *See Glen Condo. at Linderhof Assoc. v. Rosatto*, 140 N.H. 657, 661 (1996). Thus, the issue in this appeal is whether the trial court in 1982 had jurisdiction over the Willeys so as to bind them and their successors by the quiet title decree. If it did, the Porters cannot now attack the decree collaterally.

The Cocos assert three arguments in favor of finding that the court had jurisdiction over the Willeys in the 1982 quiet title petition. First, they argue that the petition named all the heirs of the Trickeys as defendants, which necessarily included the Willeys as their title can be traced back to the Trickeys. Second, they assert that the Willeys were given constructive notice of the proceedings through publication. Finally, they argue that the Willeys received actual notice through the letter sent to them by the Therriaults' attorney.

■ The trial court's summary judgment order focuses specifically upon the issue of notice by finding that the Therriaults acted reasonably in identifying and notifying potential parties. While insufficient notice may constitute a lack of jurisdiction in some cases, we do not reach this issue here. Regardless of the sufficiency of notice, the fact remains, based upon the record before us, that the Willeys were persons *known* to have a potential interest in a portion of the property and further, that the nature of their claim was known. This is evidenced by the GAL letter, the Therriaults' attorney's affidavit, and the notification letter allegedly sent to the Willeys. However, the Willeys were not expressly named as defendants in the petition, their potential interest therein was not articulated, and they were not present at the quiet title proceeding. This omission resulted in a failure to meet the express requirements of RSA 498:5-a and a lack of jurisdiction by the court over the Willeys and their successors. Accordingly, the Porters may collaterally attack the 1982 decree. *See Atlantic Richfield Co. v. Tomlinson*, 859 P.2d 1088, 1097-98 (Okla. 1993) (permitting defendants to collaterally attack a previous quiet title judgment where defendants were known to have an interest in the action but were not named as parties); *Jeurissen v. Harbeck*, 127 N.W.2d 437, 438 (Minn. 1964) (permitting collateral attack where plaintiffs were not named as defendants in original quiet title action).

■ We also conclude that, based upon the record before us, the Cocos' remaining arguments do not support the grant of summary judgment in their favor. The Porters' claim is not barred by res judicata or the injunction contained in the 1982 decree since they were not parties or in

privity with parties to the 1982 quiet title action. *See Atlantic Richfield Co.*, 859 P.2d at 1097 ("Judgments bind only parties and privies—not strangers or persons not parties to the action." (quotation omitted)). We also conclude that RSA 80:39, which bars suits contesting the validity of a tax sale or collector's deed more than ten years after the recording date, does not preclude the Porters' claim. That statute is not triggered in this case, since the Porters are not contesting the validity of the tax sale, which conveyed an indefinite "five acres Clough Land." Finally, we hold that viewed in the light most favorable to the Porters, the record before us does not support a finding of laches. It does not appear that the Porters or their predecessors-in-interest were ever aware of any potential infringement on their rights until the survey was conducted by the Porters in 2002, at which point the Porters soon after filed their petition.

Accordingly, we hold that because the Cocos failed to demonstrate that the trial court in 1982 had jurisdiction over the Willeys, the Porters are not precluded from collaterally challenging the 1982 decree. Therefore, the Cocos are not entitled to summary judgment.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.