**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0250, <u>AZNH Revocable Trust & a. v. Spinnaker Cove Yacht Club Association, Inc.</u>, the court on February 2, 2022, issued the following order:**

Having considered the brief, memorandum of law, and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiffs, AZNH Revocable Trust and John F. Sullivan and Susan B. Sullivan, as trustees and individually, appeal orders of the Superior Court (<u>O'Neill</u>, J.) dismissing their petition to quiet title against the defendant, Spinnaker Cove Yacht Club Association, Inc. (Association), and denying their subsequent motion to amend the petition. We affirm.

John and Susan Sullivan are trustees and beneficiaries of the AZNH Revocable Trust, which owns a condominium unit in the Spinnaker Cove Yacht Club (Condominium). The plaintiffs petitioned the superior court to quiet title against the Association. They alleged that the Association's Board of Directors (Board) "locked-out" the plaintiffs from the clubhouse, which is part of the Condominium's common area, for approximately seventy-five days between April and June 2020 because the Governor of New Hampshire issued "stay-at-home" orders related to the COVID-19 pandemic. They also asserted that the Association claims to have "the autonomous right to exclude the Plaintiffs from the Condominium Common Area."

The Association moved to dismiss the action, arguing that the plaintiffs' petition failed to state a claim to quiet title. Following a hearing, the trial court granted the motion because the plaintiffs did not "allege that the Association is claiming adverse title or another property right adverse to the plaintiffs." Subsequently, the plaintiffs moved to amend the petition. However, the trial court denied the motion because the plaintiffs' amended petition "suffer[ed] from the same deficiencies as" the original petition. This appeal followed.

In reviewing the trial court's grant of a motion to dismiss, our standard of review is whether the allegations in the plaintiffs' pleadings are reasonably susceptible of a construction that would permit recovery. <u>Boyle v. Dwyer</u>, 172 N.H. 548, 553 (2019). We assume that the plaintiffs' pleadings are true and construe all reasonable inferences in the light most favorable to the plaintiffs. <u>Id</u>. Nevertheless, we need not assume the truth of statements in the plaintiffs' pleadings that are merely conclusions of law. <u>Id</u>. We then engage in a threshold inquiry that tests the facts in the petition against the applicable law. <u>Id</u>. If the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. <u>Id</u>.

A petition to quiet title quiets title as against the world with respect to the land at issue. Porter v. Coco, 154 N.H. 353, 357 (2006). The burden is on the plaintiffs to prove good title as against all other parties whose rights may be affected by the court's decree. Id. RSA 498:5-a establishes the elements needed to bring a quiet title action. Id. The statute provides that the plaintiffs' petition "shall describe the property in question and state the plaintiff's claim, interest or title and . . . shall name the person or persons who may claim such adverse estate or interest." RSA 498:5-a (2010). In other words, a petition to quiet title seeks a declaratory judgment from the court regarding the parties' land interests. Porter, 154 N.H. at 357.

Upon review of the plaintiffs' petition, we conclude that it fails to state a claim to quiet title. The plaintiffs did not allege that the Association claims to have an "adverse estate or interest" in the clubhouse. RSA 498:5-a. Instead, they asserted that the Association "is an organization designed for the management and control of the Condominium," and that the Association claims to have "implicit authority" to make rules or regulations that exclude unit owners from common areas. The Association's claim that it has authority to close temporarily the clubhouse to unit owners is not a claim that it has title or a property interest in the clubhouse. By failing to allege that the Association claims an "adverse estate or interest" in the clubhouse, the plaintiffs failed to state a claim to quiet title. Id.

The proposed amended petition suffers from these same defects, and thus the trial court was not required to accept it. See Sanguedolce v. Wolfe, 164 N.H. 644, 648 (2013) ("An amendment may . . . be denied if it would not cure the defect in the [pleading]."). Accordingly, we affirm the trial court's dismissal of the plaintiffs' petition. In light of this decision, we need not address the plaintiffs' remaining arguments.

Affirmed.


MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.


**Timothy A. Gudas,**
**Clerk**